Irving L. Levey, J.
Plaintiff moves for summary judgment and for other relief.
The complaint states two causes of action, the first an account between plaintiff and defendant and the second involving payment for alcoholic beverages sold and delivered by plaintiff to defendant, during the period between May 14, 1958 and June 17,1958, in the net sum of $128,944.85.
Defendant in its answer, in addition to denials of liability, has pleaded five defenses, all concerning illegal practice by the plaintiff, to wit, restraint of trade.
As a matter of fact, in no instance is there any denial by defendant that the price of the goods sold was fair and reasonable and similar to that charged to all other distributors and wholesalers.
On September 10,1958 a letter was sent by plaintiff to defendant, stating in part that “ As of August 31st, 1958 the balance owed by you appeared as $128,944.85. ” The defendant acknowledged this letter and stated that the balance “is correct”. Defendant now contends that the afore-mentioned communica *904 tion was merely stating a claim and that since no liability existed, it cannot be considered an account stated between the parties or an agreement to pay the amount now 'claimed. The papers, however, fail to disclose that defendant in any respect disclaimed the amount sought.
In American Lithographic Co. v. Dorrance-Sullivan & Co. (241 N. Y. 306, 310) the Court of Appeals stated: “ Ordinarily and in the absence of something else there arises from an admission of the correctness of a balance of indebtedness stated to be due an implied if not an express promise to pay the same forthwith upon which an action can be founded. * * * It is undoubtedly true that if one against whom an account is stated couples with his admission of the correctness of the statement a binding condition that it shall not be payable until some time in the future, there is thereby necessarily excluded an implied promise to pay at once. (Work v. Beach, 53 Hun 7, 10.) But in order to work this exclusion of any implied promise the condition must be definite and indicate that the admission of correctness is only made upon the understanding that the condition is to be observed.”
Furthermore, the plaintiff has complied fully, and the defendant has wholly failed to comply, with section 255-a of the Civil Practice Act.
Finally, it is well settled that where a provision of a contract of sale, even though it may be in violation of antitrust laws, is not an inherent part of the contract and is separable from the promise or obligation to pay for the goods sold, such illegal provision does not bar the right to recover the price (Connolly v. Union Sewer Pipe Co., 184 U. S. 540; D. R. Wilder Mfg. Co. v. Corn Prods. Refining Co., 236 U. S. 165; General Aniline & Film Corp. v. Bayer, 305 N. Y. 479; Jamaica Sash & Door Inc. v. Prudential Improvement Service Inc., 137 N. Y. S. 2d 593).
Accordingly, the motion for summary judgment is granted. The plaintiff’s prayer for the other relief, as well as the cross motion, is academic.
Settle order.