Henry Epstein, J.
Plaintiff moves in this action to strike the affirmative defenses set up in the answers and for summary-judgment in the sum of $813,570.32, with interest. Plaintiff entered into a written agreement with KTVR, Inc., a Colorado corporation, thereby licensing a number of motion pictures for television showing by said KTVR. Defendants were the sole stockholders of said television station and as such unconditionally guaranteed full performance by KTVR. The number of films from plaintiff’s library (752), were contracted for by said station for television showing over a period of years. Plaintiff *588 performed its obligations under the contract but KTVR defaulted in its payments. Plaintiff seeks herein recovery from defendants as guarantors of the agreement by KTVR. Defendants admit the agreement and admit their unconditional guarantee of KTVR’s performance, which, having failed, now brings up this claim for the money due under defendants’ guarantee.
In the separate answers filed by defendants (Gotham Broadcasting filed one and Radio Hawaii and Founders Corporation filed another) there are set up two affirmative defenses. On the validity of these defenses in this action on the guarantee depends the conclusion to be reached by this court. The first defense is based upon what is known as ‘ ‘ block booking ’ ’, an imposition of a condition on KTVR of the necessity to take all 752 films or get none — constituting what is said to be an illegal restraint of interstate commerce. There are variations of this defense in the factual allegations of the combined answer of Radio Hawaii and Founders Corporation. The substance is, however, the same — violation of the Sherman Act (H. S. Code, tit. 15, § 1 et seq.) by creating an illegal restraint on interstate commerce. The second defense in each answer is based on the claimed antitrust violation as constituting a violation of the New York State antirestraint statute, section 340 of the New York General Business Law. Plaintiff herein moves to strike these defenses as inadequate at law under rule 109 of the Rules of Civil Practice and for summary judgment under rule 113 of the Rules of Civil Practice. The pleadings, affidavits and relevant documents set forth the essential facts and on them there rests the basis for a legal conclusion decisive of the instant motions.
There are certain facts set forth in the opposing papers which are considered and which this court does not believe warrant the withholding of action hereon asked for by defendants. In March, 1957 the United States instituted an action against Loew’s in the Southern District of New York based on the claimed “ block booking” licensing agreements as being in violation of the Federal antitrust laws. In January, 1959 the instant action was begun against these defendants on their guarantee of the now claimed illegal contract of KTVR and Loew’s. It was after this action had been on its way that KTVR (the wholly owned tool of defendants herein) commenced an action in the Federal court in the Southern District of New York in May, 1959, seeking rescission of and escape from its contract and agreement and thereby to escape its obligation in the sum of $813,570.32 for which Loew’s therein set up its counterclaim. The action of KTVR in the Federal court *589 is identical with the substance and legal effect of the defenses herein interposed — an inherently illegal contract under the Federal antitrust laws. Defendants herein ask this court to stay its action and withhold its decision until the Federal action shall have been determined. This action, however, is quite distinct from that in General Aniline & Film Corp. v. Bayer Co. (305 N. Y. 479) in which Judge Ftjld for our Court of Appeals wrote the opinion of the court. This action does not depend on the propriety of Federal priority in antitrust actions as in the Aniline case. So, too, in American News Co. v. Avon Pub. Co. (152 N. Y. S. 2d 575, affd. 1 A D 2d 1005). The leading original “ block booking ” case is United States v. Paramount Pictures (334 U. S. 131), which followed a number of compromise agreements by the film distributors and the United States in the matter of bulk film contracts for original showings in theatres of the country. The present controversy in this litigation and on the facts here undisputed will turn on the effect of the recent United States Supreme Court decision in Kelly v. Kosuga (358 U. S. 516 [Feb. 24, 1959]). Both sides in this case seem to recognize the impact of the Kelly v. Kosuga case on the instant action against defendants. Plaintiff feels it is in effect conclusive, while defendants with some admitted difficulty seek to restrict it to the facts there and not as setting forth any guide in law. We must therefore look with care at Kelly v. Kosuga.
A dealer in onions sought recovery of the balance of purchase price of onions sold to defendant. Defendant and other dealers purchased onions and agreed not to sell on futures — in order to fix the selling price and limit the market supply. The defense was that the agreement violated the Sherman Act and the sale was an indivisible part of the illegal contract. Summary judgment was granted in the Northern District of Illinois and the Court of Appeals, Seventh Circuit, affirmed (257 F. 2d-48). The United States Supreme Court affirmed the summary judgments granted below. Justice Brenxax wrote in part as follows (pp. 518-521):
“As a defense to an action based on contract, the plea of illegality based on violation of the Sherman Act has not met with much favor in this Court. * * * The Court observed that the Sherman Act’s express remedies could not be added to judicially by including the avoidance of private contracts as a sanction * * * (cases cited).
“ * * * If the defense of illegality is to be allowed as a collateral method of enforcement of the anti-trust laws, as the breadth of the petitioner’s argument suggests, it must be said that his theory creates a very strange class of private attorneys *590 general * * * we do not think it inappropriate or violative of the intent of the parties to give it effect even though it furnished the occasion for a restrictive agreement of the sort here in question.”
In the instant case defendants are further removed than the defendant in the Kelly v. Kosuga case. The contention of defendants herein under their guarantee agreement is even less effective than that held ineffective as a defense in the Kelly case.
There is no reason why the New York State statute (General Business Law, § 340) should receive more rigid application than that given by the Supreme Court of the United States. The rule of the Kelly v. Kosuga case is equally applicable to the New York statute and the defenses which fail under the former must also fail under the State statute. In a recent State court decision the same reasoning resulted in summary judgment for the plaintiff. (Fleischmann Distilling Corp. v. Frontier Liq. Corp., 18 Misc 2d 903, 904.) Illegal restraint of trade was there pleaded as a defense (five separate defenses) under section 340 of the State’s General Business Law. Sherman Act violation was also pleaded. A collateral attack on the alleged illegality was not recognized. Said Justice Levey: “ Finally, it is well settled that where a provision of a contract of sale, even though it may be in violation of antitrust laws, is not an inherent part of the contract and is separable from the promise or obligation to pay for the goods sold, such illegal provision does not bar the right to recover the price (Connolly v. Union Sewer Pipe Co., 184 U. S. 540; D. R. Wilder Mfg. Co. v. Corn Prods. Refining Co., 236 U. S. 165; General Aniline & Film Corp. v. Bayer, 305 N. Y. 479; Jamaica Sash & Door Inc. v. Prudential Improvement Service Inc., 137 N. Y. S. 2d 593). Accordingly the motion for summary judgment is granted. ’ ’
The cases cited by Justice Levey are those discussed by Justice Brennan, although the Kelly v. Kosuga case was not relied upon by Justice Levey. We are here dealing with licensing pictures for television transmission in Colorado over State lines from the Colorado station. New York State has no overriding concern in such a situation to warrant application of its General Business Law to a factual situation wholly interstate in character. Federal authority has understandably pre-empted the field of television regulation as 11 interstate commerce. ’ ’ (Dumont Labs. v. Carroll, 184 F. 2d 153, 154 [3d Cir.], cert, denied 340 U. S. 929.) So, too, in the Kelly v. Kosuga case the State antitrust' defense was stricken by the Seventh Circuit Court of Appeals (257 F. 2d 55).
*591 In this case all the pertinent facts and evidence are before this court. There is no factual issue left. This court on these pleadings and papers before it, and considering the rationale of recent State and Federal cases hereinabove referred to, feels impelled to strike down the affirmative defenses pleaded in defendants’ answers and to grant summary judgment as prayed for in the moving papers.
Submit order and judgment.