Vincent A. Lupiano, J.
Defendant Buena Vista Distribution Company, Inc., moves for dismissal of the complaint pursuant *173 to subdivision 4 of rule 106 of the Buies of Civil Practice. In the first cause of action plaintiff alleges claimed interference by the defendant Walter Beade Theatres, Inc., with plaintiff’s business opportunities with Buena Vista. No such cause of action lies against the moving defendant. The second cause of action is based on the “Donnelly Act,” section 340 of the General Business Law. The alleged grievance relates to the attempt to monopolize the business of motion picture distribution and display in an area in New Jersey in favor of the defendant Walter Beade Theatres, Inc., and against the plaintiff. Free competition in the business, trade or commerce or the furnishing of any service in this State is the emphasis and objective of the statute and not contracts having their impact outside the State. As stated in Leader Theatre Corp. v. Rand-force Amusement Corp. (186 Misc. 280, 283, affd. 273 App. Div. 844): “ It is now well established that States, under their police power, can enact and implement legislation which affects interstate commerce, when such commerce has significant local consequences.” The sale of rights here is of no overriding concern to the State since the significant local consequences occur in another State. (Loew’s v. Radio Hawaii, 20 Misc 2d 587.) The plaintiff’s contention that the local consequences occurring in New Jersey are a “ slight exception ” in relation to the alleged fact that the conspiracy otherwise was consummated here, is erroneous and disregards the basic objective of the statute to regulate the local consequences so as to encourage free competition in this State in relation to intrastate business.
The motion is granted dismissing the complaint as to the moving defendant.