**Djalma L. WOLFSON, Plaintiff,**

v.

**Morris BLUMBERG, Defendant.**

United States District Court
S. D. New York.

May 6, 1964.

Stull & Stull, New York City, for plaintiff; Richard J. Stull, New York City, of counsel.

Mermelstein, Burns & Lesser, New York City, for defendant; Jay D. Fischer and David J. Weinstein, New York City, of counsel.

METZNER, District Judge.

Defendant moves pursuant to F.R.C.P. 12(b) (1) for an order dismissing the second and third causes of action on the

ground that the court lacks subject matter jurisdiction.

The first cause of action alleges that the defendant was the owner of stock in Irving Air Chute Co. Inc., a corporation listed on the American Stock Exchange, and that he manipulated the market price of this stock in violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j. More specifically, it is alleged that the defendant recommended to plaintiff that he buy this stock at a time when the defendant was selling and manipulating the price of the stock. Damages are sought in the sum of $200,000.

The second cause of action realleges the paragraphs of the first cause of action and goes on to claim that the plaintiff entered into a joint venture with the defendant, whereby the plaintiff as the largest stockholder in Columbium Corporation and the defendant, the largest stockholder in Irving and a stockholder in Columbium, would pool their stock interests in an effort to merge Irving and Columbium. It was part of the agreement that the defendant would enlarge his stockholdings in Columbium while plaintiff would purchase stock in Irving. It is further alleged that the defendant violated this agreement in that he was making short-swing profits in Irving, that he was selling Irving stock at the time he knew that plaintiff was buying such stock, and that defendant did not use his best efforts to merge these two corporations. As a result defendant is charged with breaching the joint venture agreement with the result that plaintiff was damaged in the sum of $5,000,000.

The third cause of action seeks to impress a trust upon defendant's stockholdings in Irving because of the defendant's alleged misconduct and breach of contract.

Exclusive jurisdiction of the first cause of action exists in this court. § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. There is no diversity between the parties, and therefore defendant claims that the second and third causes of action must be dismissed. Plaintiff resists this motion as to the second and third causes of action on the theory of pendent jurisdiction. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

Much has been written about the concept of pendent jurisdiction and its development since the decision in the Hurn case. See 62 Colum.L.Rev. 1018 (1962). The use of the doctrine of pendent jurisdiction prevents piecemeal litigation and promotes judicial economy and more expeditious disposition of controversies between litigants.

The joining of claims of unfair competition with federal claims of patent, copyright or trade-mark infringement has been the area of the most common application of the doctrine of pendent jurisdiction. This procedure was codified and broadened with the adoption of section 1338(b) of Title 28 in 1948. This area of application most likely will disappear in view of the recent decision of the Supreme Court in Sears, Roebuck & Co. v. Stiffel Co., 84 S.Ct. 784, (1964). However, the availability of the doctrine will still exist in other types of cases where non-diverse litigants seek to append a common law claim to one created by federal statute. For example, in the very type of situation with which we are here dealing, it is now accepted that where a litigant seeks recovery for damages caused by a fraudulent practice under section 10 (b) he may join with it a common law claim for fraud. Jung v. K. & D. Mining Co., 260 F.2d 607 (7th Cir. 1958); Errion v. Connell, 236 F.2d 447 (9th Cir. 1956); International Ladies' Garment Workers' Union v. Shields & Co., 209 F.Supp. 145 (S.D.N.Y. 1962). Similarly, claims for damages based on negligence are joined with Jones Act cases, Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S. Ct. 468, 3 L.Ed.2d 368 (1959), although state courts also have jurisdiction over Jones Act cases.

In developing the doctrine of pendent jurisdiction, three bases for applying the doctrine have evolved:

(1) The single cause of action, also referred to as "single-right-single-

wrong", standard. Hurn v. Oursler, supra.

(2) Substantially identical facts in the federal claim and the state claim. Brown v. Bullock, 194 F.Supp. 207 (S.D.N.Y.1961); Kleinman v. Betty Dain Creations, 189 F.2d 546 (2d Cir. 1951); Musher Foundation v. Alba Trading Co., 127 F.2d 9 (2d Cir.), cert. denied, 317 U.S. 641, 63 S.Ct. 33, 87 L.Ed. 517 (1942); Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195 (1938); 28 U.S.C. § 1338(b).

(3) Substantial overlapping of proof. Treasure Imports v. Henry Amdur & Sons, 127 F.2d 3 (2d Cir. 1942); Manosky v. Bethlehem-Hingham Shipyard, 177 F.2d 529 (1st Cir. 1949).

If we approach the determination of this motion from the broadest base, that the court should exercise pendent jurisdiction because of substantial overlapping of proof, it must still be granted. The federally created claim here is based on fraud or, in the words of the statute, "manipulative practices". The second claim alleges a joint venture agreement which called for the merger of two companies, and damages to the plaintiff encompassing not only the manipulative practice alleged in the first claim, but loss of the fruits of the contract in the sum of $5,000,000. The proof on the second claim would far exceed and be more time consuming than that necessary for the first claim. Furthermore, the determination of the first claim is not the single crucial proposition necessary for determining the second claim.

In Ellis v. Carter, 291 F.2d 270 (9th Cir. 1961), the court sustained, on the theory of pendent jurisdiction, a claim for breach of a joint venture agreement with a claim for violation of section 10 (b), citing Hurn v. Oursler, and Romero v. International Terminal Operating Co., supra. The court did not spell out the reasons for so holding aside from the citation of authority. It was concerned in the main with a different problem.

However, it would appear that it found that the claims were closely related, and that the state claim merely sought different relief on basically the same facts. I do not find such similarity here.

The litigation here is in its initial stages. There has been no substantial commitment of federal judicial resources to the nonfederal claim. It has been said,

> "It would seem that those courts that dismiss a nonfederal claim unless the primary federal claim has proceeded to the trial stage have adopted the approach best reflecting the proper balance between the demands of federalism and the judicial economy policy underlying pendent jurisdiction." 62 Colum.L.Rev., supra at 1045.

The third claim is also dismissed for lack of jurisdiction. It has no relationship to the first claim.

Motion granted. So ordered.