Djalma S. **WOLFSON**, Plaintiff-Appellant,

v.

Morris **BLUMBERG**, Defendant-Appellee.

No. 239, Docket 29135.

United States Court of Appeals
Second Circuit.

Argued Dec. 10, 1964.

Decided Jan. 6, 1965.

Stull & Stull, New York City (Richard J. Stull, New York City, of counsel), for plaintiff-appellant.

Mermelstein, Burns & Lesser, New York City (Jay D. Fischer, New York City, of counsel), for defendant-appellee.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM:

Plaintiff brought suit in the United States District Court for the Southern District of New York, alleging three "causes of action" against defendant. There was no diversity of citizenship between the parties. Upon motion of the defendant, Judge Metzner dismissed the second and third causes, on the ground that they did not arise under federal law, and that they were not pendent to the first cause, which did arise under federal law. The opinion is reported at 229 F. Supp. 191. Upon reargument, Judge Metzner adhered to his original determination, and also tacitly denied plaintiff's request contained in the petition for reargument for leave to amend the complaint. Plaintiff appeals from these orders of the district court.

If plaintiff's three "causes of action" constitute a single "claim for relief," the order of the district court dismissing only two of the causes is not appealable. See 6 Moore, Federal Prac-

tice ¶¶ 54.33, 54.12[1] (2 ed. 1953). If the three "causes of action" constitute a multiple "claim for relief," the order of the district court is appealable, but only if accompanied by a Rule 54(b) certificate. See 6 Moore, Federal Practice ¶ 54.28[2]. The district court has not issued a Rule 54(b) certificate in this proceeding. Furthermore, whether plaintiff's three "causes of action" constitute a single or a multiple "claim for relief," the order of the district court denying leave to amend the complaint is not appealable. See 6 Moore, Federal Practice ¶¶ 54.30[1], 54.12[1].

 Plaintiff's request that we keep his present appeal on our docket while he seeks a Rule 54(b) certificate from the district court *nunc pro tunc,* is denied. Plaintiff's alternative request for permission, once he procures a Rule 54(b) certificate, to proceed here on the same papers as he filed in this appeal, will be determined if and when he procures such a certificate, and appeals again.

Appeal dismissed.