Louis **BERRY**, Harold Berry, David M. Miro, Harvey G. Snider and Charles W. Cole, co-partners doing business under the assumed name and style of Utica Hotel Company, Plaintiffs-Appellants,

v.

**HOUSING AND HOME FINANCE AGENCY** et al., Defendants-Appellees.

No. 255, Docket 29256.

United States Court of Appeals Second Circuit.

Argued Jan. 11, 1965.

Decided Jan. 26, 1965.

Willis D. Morgan, Utica, N. Y., (Kernan & Kernan, Utica, N. Y., on the brief), for plaintiffs-appellants.

Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Washington, D. C., Justin J. Mahoney, U. S. Atty., for the Northern Dist. of New York, and Kathryn H. Baldwin, Dept. of Justice, Washington, D. C., on the brief), for defendants-appellees.

Before SMITH, KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM.

Appellants, owners of the Hotel Utica in Utica, New York, brought action in the United States District Court for the Northern District of New York against federal and local agencies and officials, seeking to enjoin a nearby urban redevelopment project in which transient housing units competing with the hotel are included. The District Court, James T. Foley, Chief Judge, granted a motion to dismiss the complaint and amended complaint as to the federal agency and its national and regional administrators, and the hotel owners appeal. We find

no error and affirm the order of dismissal.

 Assuming *arguendo*, that the order is appealable even though it affected only some of the parties defendant,[1] the dismissal must be upheld in any event because plaintiffs lacked standing to sue, whether as taxpayers or as persons who may sustain economic loss through competition. As this court held in Taft Hotel Corp. v. Housing and Home Finance Agency, 262 F.2d 307, 2 Cir., 1958, "Economic loss stemming from lawful competition, even though made possible by federal aid, is damnum absque injuria." Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374 (1938), Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940). Appellants attempt to distinguish the Taft Hotel case on the claim that the 1959 amendment to the Housing Act, 42 U.S.C. § 1456(g),[2] gave them the requisite standing. There is, however, no indication either in the language of the amendment or in the legislative history of any such intent. Section 1456(g) is an apt provision to safeguard the predominantly residential character of urban renewal projects and to insure that the limited Federal funds available for assistance to such projects shall not be expended for commercial hotels if they are not needed. There are instances where an individual has no legal remedy even though a federal law affecting his interests may have been violated. Some statutes create merely public rights, enforceable only by the agency charged with their administration. Local 282, etc. v. NLRB, 2 Cir., 1964, 339 F.2d 795;

Fafnir Bearing Co. v. NLRB, 2 Cir., 1964, 339 F.2d 801. If local officials do not comply with § 1456(g) the Housing Agency can vindicate the public interest by withholding federal funds, but private hotel owners are given no remedy. The public good sought through the Housing Act could well be frustrated by delay and expense of litigation if allowed on the suit of every person objecting to possible competition in renewal projects.

The order appealed from is affirmed.

---

1. Compare United States v. New York, N. H. & H. R. R., 276 F.2d 525, 545, 2 Cir. 1959, 1960 and Telechron v. Parissi, 197 F.2d 757, 2 Cir.1952 with Davis v. National Mortgage Corp., 320 F.2d 90, 2 Cir.1963, Wolfson v. Blumberg, 2 Cir. 1965, 340 F.2d 89, Rinker v. Local Union No. 24 of Amalgamated Lithographers, 313 F.2d 956, 3 Cir.1963, Bowling Machines, Inc. v. First National Bank of Boston, 283 F.2d 39, 1 Cir.1960.

2. "(g) No provision permitting the new construction of hotels or other housing for transient use in the redevelopment of any urban renewal area under this subchapter shall be included in the urban renewal plan unless the community in which the project is located, under regulations prescribed by the Administrator, has caused to be made a competent independent analysis of the local supply of transient housing and as a result thereof has determined that there exists in the area a need for additional units of such housing."