Bernard S. Meyer, J.
In this action, begun in 1960, plaintiff sets forth two causes of action: (1) breach of a contract of joint venture, (2) common-law fraud. In 1964 plaintiff instituted an action in the United States District Court, predicated upon the same factual complex, for violation of subdivision (b) of section 10 and paragraph (2) of subdivision (c) of section 15 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78j, subd. [b]; § 78o, subd. [c], par. [2]) and rules 10b-5 and 15c-l-2 of the Rules of the Securities and Exchange Commission (Code of Fed. Reg., tit. 17, §§ 240.10b-5, 240.15c 1-2). Defendants in the Federal action include all of the defendants in this action, and in addition the attorney who acted for the other defendants in the underlying transactions. Defendants Manheim and Lehman Brothers now move for a stay of the trial of this action until the Federal action has been disposed of. The motion is denied, on the condition hereafter specified.
Grant or denial of the stay is discretionary, the basis for the ' exercise of discretion being comity and orderly procedure (General Aniline & Film Corp. v. Bayer Co., 305 N. Y. 479, 485; Ann. 56 ALR 2d 335). Multiple trials are to be avoided where possible, as also any unseemly race between the parties to maneuver one or the other of the actions to trial first (Curlette v. Olds, 110 App. Div. 596). To be weighed in making the ultimate determination are the extent to which the two actions directly overlap, in which a more complete disposition of the issues can be obtained, which was first brought, the motive behind the bringing of the second and behind the application for a stay, the expertise of the respective courts, the conveniences , that will be served by proceeding in one court or the other, the added expense that will be incurred if the State court action is permitted to proceed to trial (General Aniline & Film Corp. v. Bayer Co., supra; Admiral Corp. v. Reines Distrs., 9 A D 2d 410, affd. 8 N Y 2d 773; American News Co. v. Avon Pub. Co., 152 N. Y. S. 2d 575, affd. 1 A D 2d 1005, *387 mot. for lv. to app. den. 2 A D 2d 673; Cye, Haberdashers, Inc. v. Crummins, 142 N. Y. S. 2d 682, affd. 286 App. Div. 1077; Procter & Gamble Co. v. Lloyd’s Underwriters, 44 Misc 2d 872; Ackert v. Ausman, 29 Misc 2d 974; Loew’s Inc. v. Radio Hawaii, 20 Misc 2d 587). It is not necessary now to decide the extent to which the policy expressed in Admiral Corp. v. Reines Distrs. (supra), for alloAving both actions to proceed until judgment is obtained in one court that may be pleaded as res judicata in the other, has been affected by the procedural change wrought by the inclusion in CPLR, 3211 (subd. [a], par. 4) of the AAmrds “ or the United States ”, for that policy aside, there is insufficient basis for a stay herein.
To begin with, while a verdict for plaintiff on any of the three causes of action Avill dispose of the others since all seek the same damages, neither court has jurisdiction over all three causes of action. The Federal court has exclusive jurisdiction of the action based on the Securities Exchange Act (U. S. Code, tit. 15, § 78aa) and could exercise pendent jurisdiction over the common-law fraud action (Ellis v. Carter, 291 F. 2d 270; Wolfson v. Blumberg, 229 F. Supp. 191; Wood v. Precise Vac-UTronic, 192 F. Supp. 619) but not over the breach of contract action (Wolfson v. Blumberg, supra; see Hurn v. Oursler, 289 U. S. 238; Errion v. Connell, 236 F. 2d 447). Trial of the breach of contract action will involve a substantial amount of evidence that Avill have to be presented on the trial of either of the other íavo causes, but will be in no way foreclosed by a verdict for defendants in the Federal action. Trial of the common-laAV fraud action Avill not be foreclosed by a verdict for defendants in the Federal action if the basis of that verdict is the failure to proAre a jurisdictional requirement, such as use of the mails or a connection with interstate commerce. A verdict for defendants in the Federal action based on a finding that defendants used no “ manipulative or deceptive deAuce ” would, it appears, be res judicata of the common-law fraud action in view of the broad definition given the Federal statute in the decided eases (List v. Fashion Park, 340 F. 2d 457, cert. den. sub nom. List v. Lerner, 382 U. S. 811, rehearing den. 382 U. S. 933). HoAvever, a verdict for defendants in this action, while not res judicata in the Federal action, will foreclose relitigation in that action of many of the issues common to both, on the basis of collateral estoppel (Glaser v. Connell, 266 F. 2d 149; Connelly v. Balkwill, 174 F. Supp. 49; 3 Loss, Securities Regulation [2d ed.], p. 1796; Note, 71 Harv. L. Rev. 513, 524; cf. Note, 69 Yale L. J. 606). While the attorney Deitch is a party in the Federal action but not party *388 to this action, he cannot be harmed by the prior trial of this action and his rights are of importance on this motion only as they affect the rights of the parties to this action. The parties to this action will be fully protected in that respect if denial of a stay is conditioned upon plaintiff stipulating in the Federal action that such collateral estoppel effect as any judgment in this action against him may have in favor of the defendants common to both actions shall be accorded in favor of defendant Deitch in the Federal action as well.
Of the other factors involved none are more persuasive that a stay should be granted. This action was begun first; the Federal court action was not started until just before the Statute of Limitations on it would have expired and there is no reason to doubt that the purpose of beginning it then was to preserve the action should this one fail for any reason. The difference in when the two actions can be reached for trial depends upon whether pretrial proceedings in this action are complete. That question must be disposed of by separate motion or before the pretrial Justice and is not passed upon by the court. If it be assumed that they are complete or can be completed within a few weeks, this action which is on the Jury Calendar may be expected to be reached for trial in the Fall. In the Federal action, examinations are complete and it is to be pretried in June and may be expected to be reached for trial about a year thereafter. This action should, therefore, be first reached for trial.
This is not the classic stay situation in which defendant in one court is plaintiff in the action in the other, and the opponent of the stay is seeking to use the existence of the second (here Federal) action to obtain an undue advantage. Here the same party is plaintiff in both actions, had a legitimate reason for proceeding with both, and so far as appears has not sought to use either action to obtain an improper advantage in the other. While there is no reason to doubt the good faith of movants in seeking the stay they request, they have not shown either conveniences to be served by giving the Federal action precedence or added expenses involved in permitting this action to proceed to trial sufficient to warrant staying this action, which was first begun and in normal course should be first reached for trial.