■ EL GRECO INC., Appellant, v RALPH COHN et al., Respondents.—In an action to recover on a guarantee, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated August 28, 1986, as, *inter alia,* stayed the action pending the determination of an action brought by the defendants against the plaintiff presently pending in the United States District Court for the District of New Jersey. The appeal brings up for review so much of an order of the same court, dated March 3, 1987, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated August 28,

1986 is dismissed, without costs or disbursements. That order was superseded by the order dated March 3, 1987, made upon reargument; and it is further,

Ordered that the order dated March 3, 1987 is affirmed insofar as reviewed, without costs or disbursements.

The defendants Levy and Cohn are New Jersey residents and shareholders in a New Jersey corporation, Concept Shoes, Inc. (hereinafter Concept). In November 1984 Concept entered into a retail license agreement with the plaintiff, a New York corporation, pursuant to which the plaintiff, *inter alia,* sold certain merchandise to Concept for resale in Concept's New Jersey store. Subsequently, in September 1985 the defendants executed a personal guarantee of Concept's indebtedness.

On February 6, 1986, the defendants and Concept Shoes, Inc., commenced an action in New Jersey Superior Court based, *inter alia,* on the plaintiff's alleged breach of the retail license agreement and alleged violations of New Jersey fair trade regulations. In their complaint in the New Jersey action, the defendants also sought a judgment declaring that the guarantee sued upon at bar is null and void as unsupported by consideration, and alternatively, demanded money damages based on allegations that the plaintiff fraudulently induced them to enter into the guarantee agreement.

Subsequently, on February 24, 1986, the New Jersey action was removed by the plaintiff to the United States District Court for the District of New Jersey. Several days earlier, the plaintiff had commenced two separate actions in the Supreme Court, Nassau County, pursuant to CPLR 3213, by service of summonses and motions for summary judgment in lieu of complaint upon the defendants Levy and Cohn. The plaintiff's motions sought judgment on the guarantee. By cross motions dated April 30, 1986, the defendants moved for, *inter alia,* consolidation of the two Nassau County actions and a stay of the actions on the ground that an earlier-commenced action between the same parties was pending in the New Jersey District Court. The court granted the stay and consolidated the two actions.

We conclude that, under the circumstances presented, the Supreme Court properly exercised its discretion in staying this action pending the outcome of the earlier-commenced Federal action *(see, Gallo v Mayer,* 50 Misc 2d 385, *affd* 26 AD2d 773; CPLR 2201). The parties in the two actions are virtually identical, the issues to be resolved overlap, and, moreover, the record discloses that a more complete disposition of the par-

ties' respective contentions can be obtained in the earlier-commenced Federal action. Additionally, considering the similarity of the issues involved, the imposition of a stay further avoids the risk of inconsistent adjudications, duplication of proof, and the potential waste of judicial resources *(see, Gallo v Mayer, supra; see also, Flintkote Co. v American Mut. Liab. Ins. Co.,* 103 AD2d 501, *affd* 67 NY2d 857; *cf., Goodridge v Fernandez,* 121 AD2d 942; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2201.05). Bracken, J. P., Weinstein, Rubin and Kooper, JJ., concur.