873 F.2d 1440
 14 Fed.R.Serv.3d 84
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dennis M. PRESNELL, Plaintiff-Appellant,
v.
SEIBELS, BRUCE & COMPANY, Defendant-Appellee.
 No. 88-3202.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 10, 1989.
Decided: April 6, 1989.
Rehearing Denied April 28, 1989.
 
 Harold Ray Ham, for appellant.
 Kenneth L. Childs, David Thomas Duff (Childs, Duff & Hardin, P.A.), for appellee.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dennis M. Presnell filed this age discrimination suit against his former employer, Seibels, Bruce & Company ("Seibels, Bruce"), pursuant to the Age Discrimination in Employment Act (29 U.S.C. Sec. 621 et seq.) and the Fair Labor Standards Act (29 U.S.C. Sec. 201 et seq.). Presnell seeks to appeal an order of the district court which granted Seibels, Bruce's motion to strike a portion of the complaint and gave Presnell 10 days to file an amended complaint. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Presnell's complaint alleged that because of his age, he had received unfavorable job performance evaluations and was demoted, resulting in his resignation. Presnell asserted an "overall pattern and scheme" of age discrimination in the defendant company. He sought injunctive and monetary relief.
 
 
 3
 Seibels, Bruce filed a motion to strike and dismiss that portion of the complaint relating to Presnell's termination from employment and the alleged pattern and practice of discrimination, as those matters were assertedly not presented to the Equal Employment Opportunity Commission ("EEOC") in Presnell's charge of discrimination. According to the motion and documents submitted therewith, the only claims presented to the EEOC related to Presnell's demotion and job performance evaluations, and an allegation that Seibels, Bruce had no managers in casualty claims over 40 years of age.
 
 
 4
 The district court granted the motion to strike, and gave Presnell 10 days to amend his complaint, omitting from it the claims not timely presented to the EEOC. Presnell filed an amended complaint within the allotted time, but also filed a notice of appeal from the order granting the motion to strike. According to Presnell's brief, a consent motion to obtain certification under Fed.R.Civ.P. 54(b) was filed in the district court on November 21, 1988, but that no action had been taken on the motion as of the date of the brief in this Court, January 5, 1989. The record on appeal contains no Rule 54(b) certification.
 
 
 5
 The district court's order appealed from did not dismiss the action, nor did it effectively terminate the litigation on the merits. An order which dismisses a complaint with leave to amend is not final or appealable. See Cardio-Medical Assocs., Ltd. v. Crozer-Chester Medical Center, 721 F.2d 68, 76-77 (3d Cir.1983); Proud v. United States, 704 F.2d 1099, 1100 (9th Cir.1983); Elfenbein v. Gulf & W. Indus., Inc., 590 F.2d 445, 448 (2d Cir.1978); 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3914, at 538-41 (1976). The same is true of an order which grants a motion to strike portions of a complaint, with leave to file an amended complaint. See Harvey Aluminum v. International Longshoremen's and Warehousemen's Union, Local 8, 278 F.2d 63 (9th Cir.1960). As the parties did not obtain a Rule 54(b) certification, the appeal must be dismissed. See Fed.R.Civ., P. 54(b); Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166, 1168-69 (5th Cir.1978); Wolfson v. Blumberg, 340 F.2d 89, 90 (2d Cir.1965).
 
 
 6
 We dispense with oral argument because the dispositive issue recently has been decided authoritatively.
 
 
 7
 DISMISSED.