■ New York State Division of Human Rights, on Complaint of Joseph R. Moynihan and Another and on Behalf of Their Children, Ryan Moynihan and Others, Appellant, v Francis B. Jenkins et al., Respondents. [789 NYS2d 367]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered May 4, 2004. The order, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: We agree with plaintiff that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint inasmuch as there is a material issue of fact whether defendants' alleged nondiscriminatory reasons for denying rental housing to the Moynihans (complainants) were pretextual (*see generally Texas Dept. of Community Affairs v Burdine*, 450 US 248, 256 [1981]; *Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). Defendants submitted evidence establishing that, while their proffered reasons for denying rental housing to complainants were based upon personal references and financial concerns, defendant Thelma Jenkins also made statements to a housing "tester" that the security deposit "would be higher if there were teenagers." Moreover, evidence was submitted by defendants that Thelma Jenkins was willing to rent to one of the housing "testers," who did not have children. Thus, defendants' own submissions either raise an issue of fact "directly by [showing] . . . that a discriminatory reason more likely motivated [defendants] or indirectly by showing that [defendants'] proffered explanation is unworthy of credence" (*Texas Dept. of Community Affairs*, 450 US at 256).

Defendants contend that, in the event we agree with plaintiff that there is an issue of fact whether their proffered reasons for denying rental housing to complainants were pretextual, we should nevertheless affirm the order on the alternative ground raised in their motion, i.e., that plaintiff erred in making its probable cause determination. We reject that contention (*cf. State Div. of Human Rights v Gaylord Bros.*, 112 AD2d 726). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.