Cooper Square Mutual Housing Association II Housing Development Fund Company, Inc., Petitioner-Landlord-Appellant,
against
Nathan Mumford and Karina Arsebtyeva, Respondents-Respondents.




Petitioner appeals from an order of the Civil Court of the City of New York, New York County (Kimon C. Thermos, J.), dated July 11, 2019, which granted respondents' motion to stay the holdover summary proceeding and denied petitioner's cross motion for summary judgment on the petition.




Per Curiam.
Order (Kimon C. Thermos, J.), dated July 11, 2019, modified to deny respondents' motion to stay the holdover summary proceeding; as modified, order affirmed, with $10 costs to petitioner-appellant.
Petitioner, a housing development fund corporation (HDFC), commenced this summary proceeding to evict respondents, the subtenants of the proprietary lessee, who previously vacated the premises and surrendered her shares. Respondents interposed an answer alleging that respondent Mumford has a right to continued possession pursuant to tenant's proprietary lease and that petitioner illegally denied respondents' application for a lease based upon respondents' race and ethnicity. A prior proceeding commenced by petitioner was dismissed on procedural grounds. Following that dismissal, and upon petitioner's service of a new notice of termination, respondents commenced a housing discrimination complaint with the City of New York Commission on Human Rights (the "Commission").
In our view, Civil Court improvidently exercised its discretion in staying this current holdover proceeding pending the determination of respondents' Commission complaint (see Ennismore Apts., Inc. v Gottlieb, NYLJ, September 24, 1992, at 24, col 5 [App Term, 1st Dept 1992]). On balance, and weighing the relevant factors (see Gallo v Mayer, 50 Misc 2d 385 [Sup [*2]Ct, Nassau County 1966], affd 26 AD2d 773 [1966]), including the timing of respondents' filing of the Commission complaint, "the 'summary' remedy made available by RPAPL article 7 should not be delayed indefinitely while [respondents'] agency complaint wends its way through the administrative process" (3720 Homes, Inc. v Hyman, 30 Misc 3d 79, 82 [App Term, 1st Dept 2010]; UM Realty, L.L.C. v Myers, 2002 NY Slip Op 50704[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]).
However, we agree that petitioner's possessory claim should be decided at a trial, and not on summary judgment. On this record, material issues of fact exist as to whether petitioner engaged in an unlawful discriminatory practice in renting or selling a housing accommodation based on race in violation of anti-discrimination laws (see Executive Law § 296[5][a][1]; Administrative Code of City of NY § 8-107[5][a][1]) and whether petitioner's alleged nondiscriminatory reasons for denying housing to respondents were pretextual (see New York State Div. of Human Rights v Jenkins, 15 AD3d 897 [2005]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 12, 2020