**ILLINOIS TOOL WORKS, INC. et al., Plaintiffs,**

v.

**Rex L. BRUNSING et al., Defendants.**

**Nos. 40783, 40784.**

United States District Court
N. D. California, S. D.

Feb. 9, 1966.

282

Olson, Trexler, Wolters & Bushnell, Chicago, Ill., and Hoppe, Mitchell, Murtha & Anderson, San Francisco, Cal., Carl Hoppe and John R. Murtha, San Francisco, Cal., appearing for plaintiffs.

Hawkins & Hawkins, Corte Madera, Cal., Louis F. Hawkins, Corte Madera, Cal., appearing for defendants.

WOLLENBERG, District Judge.

## FINDINGS OF FACT

### I

This is a patent infringement action arising under the Act of July 19, 1952, c. 950, § 1, 66 Stat. 811, Title 35 U.S.C. § 271.

### II

This is a consolidated action. Originally two actions were filed: No. 40783, entitled Illinois Tool Works, Inc., a Delaware corporation, Plaintiff, vs. Rex L. Brunsing, Tay-Pak Corporation, Brunsing & Sons, Inc., and California Blowpipe and Steel Co., Inc., Defendants, and No. 40784, entitled Lawrence O. Holmberg, Plaintiff, vs. Rex L. Brunsing, Tay-Pak Corporation, Brunsing & Sons, Inc., and California Blowpipe & Steel Co., Defendants.

### III

The cases were consolidated by consent order filed June 8, 1962. Thereafter, California Blowpipe was dismissed as a defendant in both cases by stipulation of the parties.

### IV

Thereafter, on oral motion made at trial by counsel for defendants after plaintiff had introduced into evidence an assignment from Lawrence O. Holmberg to plaintiff Illinois Tool Works, Inc., Illinois Tool Works, Inc., was substituted as plaintiff in action No. 40784.

### V

Plaintiff complains that defendants have made, used and sold devices that infringe plaintiff's patents, specifically claims 1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13 of the U. S. Patent #2,646,911 issued to Lawrence O. Holmberg on July 28, 1953 (hereinafter referred to as "Holmberg"), and thereafter assigned to plaintiff, and claims 1 and 2 of U. S. Patent #2,923,406 assigned to plaintiff Illinois Tool Works, Inc., prior to the date of its issuance, October 30, 1950 (hereinafter referred to as "Poupitch").

### VI

Defendants and each of them have denied infringement.

### VII

The issue of infringement only was tried by this court commencing September 15, 1965, and concluding September 22, 1965, pursuant to the pre-trial order of this court signed by The Honorable Alfonso J. Zirpoli and dated July 9, 1965, pursuant to Rule 42(b), Federal Rules of Civil Procedure.

### VIII

The prior art introduced demonstrates that both of plaintiff's combination patents in suit were improvements, but did not solve the problem of providing a carrier which would hold cans securely and still provide for relatively easy removal of a can from the carrier.

### IX

The plaintiff's patents were never commercialized, and are so-called "paper patents."

### X

Defendants to the time of trial had made, caused to be made, and sold some 30-odd million of the accused device.

## XI

Both Holmberg and Poupitch and defendants' accused device relate to structures for carrying multiple numbers of containers having projecting top rims. The purpose of all three contemplated structures is to provide a method of conveniently holding together and transporting a number of these containers.

## XII

The accused device is entirely dissimilar in appearance when compared with the structure called for by the Holmberg claims read in light of the drawings and specifications.

## XIII

Construing the Holmberg claims in light of the specifications and drawings, they call for a structure produced from sheet material having an inverted U shape when viewed from either end or in cross section. There are horizontal can-supporting slots disposed in the sides of the body in groupings of two each. The slot is formed so that a container cannot be inserted or removed when the structure and the container are in vertical positions, nor when one is at a right angle to the other. It is necessary that a container be inserted or removed when it is at an intermediate angle to the structure, or vice versa. Cans are freely inserted into the accommodating slots by inserting the cans therein while the cans are at an intermediate angle, and the cans then freely rotate downwardly to a vertical or almost vertical position by the action of gravity. The outside bottom portion of the top rim of the can sits or rests on that portion of the body member forming the bottom of the slot which has been curved, and is prevented from falling out of the carrier by an overhanging portion which is bent or formed first outwardly from the body and then downwardly at its end to form an overhanging lip which engages the inside of the top rim or chime and prevents any substantial outward movement when the container and the carrier are in a substantially vertical position. The portions of the body members below each of the slots are curved to conform to the contour of the side walls of the containers or cans and provide additional support. This last is necessary because the structure of the carrier does not grip or hold the chimes or rims of the containers or cans in the sense of applying any gripping pressure to the chimes or rims. In order that the structure and the containers may be maintained in a vertical position, a U-shaped handle is provided. The ends are inserted in slots at the topmost part of the inverted U structure and are allowed to rotate freely, and the structure then tends to remain in a vertical position so that the containers will not reach an intermediate angle to the structure.

## XIV

In the amendment of June 18, 1953, the following statement was made by Holmberg:

"The character of the holding devices and their spacing so that the cans are held by the upper rim and the downward swinging action brings about an abutment at the bottom edge of the can is included in the claim and thus defines the essence of novelty of the invention."

This statement of June 18, 1953 restricts Holmberg to a device that relies for its operation on the action of gravity and which allows free entrance and exit of a container at an intermediate angle, and a free downward swinging action for seating the container, and a free upward swinging action to accomplish removal.

## XV

Poupitch calls for a clip holding two cans. The clip is described in the Poupitch patent as a novel one-piece sheet material clip produced from sheet stock, as an example, sheet metal.

## XVI

The inventor worked with Holmberg, and his invention was to be an improvement over Holmberg.

## XVII

The operation of Poupitch is exactly the same as Holmberg except that the

clip is applied to the containers by snap action. The clip is placed over two cans in substantial abutment with the tabs to be positioned underneath the outside rims of the cans at the spaces created at opposite ends of the abutment. As the clip is forced down the ends of the tabs cam the tabs outwardly until the shoulders clear the rims and the tabs then snap back to their original positions. Flanges project downwardly from the body of the clip on each side and serve the same purpose as the overhanging lip of Holmberg, that is, they restrict substantial outward movement of the cans by engaging the inside of the top rim. However, as demonstrated to the court, the cans may also be inserted as in Holmberg and removed in the same manner.

## XVIII

The method of holding more than one claimed clip together in order to form a 6-pack is illustrated in Poupitch but is not claimed, and in addition a handle is not called for by either of the two Poupitch claims in suit (1 and 2).

## XVIX

█ File wrapper estoppel is applicable with regard to Poupitch. Claim 14 of the application was rejected by the examiner on the grounds that it was "aggregative, as the inclusion of a plurality of similar clips does not form a patentable combination," and because there is "no invention in providing a handle for any article." In the next amendment (September 8, 1958) claim 14 was abandoned.

## XX

In contrast, the defendants' accused device is a relatively flat plastic structure made by an injection molding process. It has three opposedly-disposed interdependent sets of two can-holding clips each. Finger holes are provided for lifting. For each set of two clips there is a central rib. The outside bottom of the top rim rests on the top of one side of the rib and the corresponding part of the other can rests on the corresponding part of the other side of the rib. Each side of the rib is arcuate. In order to reach this position the tongue or tab must be forcibly moved upwardly to clear the top of the chime, and the tongue or tab is then sprung back in an attempt to return it to its former position. This is necessary because the width of the space between the end of the tongue and the side of the central rib is designed to be less than the diameter of the rim of the can. Thus, the arcuate end of the tongue or tab engages the inside of the top rim of the chime and is prevented from reaching its original position, thus creating a positive gripping action which securely holds the can in the clip regardless of any position in which the clip is held. The clip is provided with two finger holes. One is positioned between the first and second integral clips, and the other between the second and third.

## XXI

Turning now to a comparison between the claimed structures of the plaintiff's patents in suit and the accused device, the following differences are noted:

1. The accused device does not have a body which is U-shaped (or an inverted U shape) either in cross section or in end view.

2. The accused device does not have horizontal slots in its sides.

3. It does not have any structure whatever below the vertical openings created by the space between the arcuate tongue and arcuate central rib. These openings are generally vertical in the sense that one can look down through them, and they open vertically in that the resilient tongue must be forced upwardly in order that a can may be inserted.

4. In spite of of having an overhanging element bent downwardly at the end to form a lip, the accused device has a a resilient tongue that angles downwardly from the side of the coplanar body member to a point where its end opposes the central rib.

5. The Holmberg claims call for a handle or a handle means or means for manual grasping, but due to the nature of the manner in which Holmberg must op-

erate the structure is restricted to the handle disclosed, and the accused device, because of its difference in operation, is provided with finger holes. These finger holes are not the same as the Holmberg handle and are different in operation. They may be different in the accused device in a vertical or nearly vertical position. This is because the accused device overcomes the action of gravity and the cans are securely retained in the accused device regardless of the position in which it is held.

6. Cans may be inserted or removed from the Holmberg structure only while they are at an acute or intermediate angle to the carrier. In the accused structure the can is inserted vertically and may be removed by tipping the can upwardly at right angles to the clip, or horizontally.

7. When pairs of cans are inserted in the Holmberg structure and the structure is lifted, the cans swing together at the bottom. When the cans are placed on a flat surface they assume a vertical position in response to gravity, and the bottoms of the cans are spaced equally as far apart as are the tops.

In the accused device the cans are spaced apart at the top by the width of the central rib at its narrowest point, and due to the positive gripping action the bottoms are in abutment at all times, whether the clip is resting or held. The court observed the demonstration which showed that the action of gravity was overcome to such an extent that when a clip was resting on a flat surface there was a space between the surface on which the containers held by the clip were resting and the bottoms of the cans at their point of abutment.

### XXII

With regard to the differences between the Poupitch structure and the accused device, the following are noted:

1. The Poupitch structure is limited to a clip holding two cans without a handle member and without a method of providing for a structure including a plurality of similar clips.

2. It is a one-piece sheet material clip, while the accused device is not.

3. The two cans are either actually abutting or very close together. The accused device supports the cans a certain distance apart, which may be defined as the width of the central rib at its narrowest point. The claimed structure has two dependent tabs with shoulders which are placed in the spaces formed at the opposite sides of the abutting cans, while the accused device has no element whatsoever in these spaces.

4. The claimed structure has pairs of first and second locking means, one of which is the tabs and the second the flanges, which are curved and depend from opposite ends of the body member. They are rigid and fit on the inside of the top of the rim and act in the same manner as Holmberg's lip, which restricts any substantial outward movement when the cans and clip are not at an intermediate angle one to the other.

5. Thus, when the clip is lifted the cans are supported by the tops of the shoulders of the tabs and the carrying operation is achieved in the same manner as Holmberg in that the cans are supported and carried, but not held or gripped together by any positive action of the carrier.

Thus, the accused device does not in any way use the idea or principle or teaching of either of plaintiff's patents in suit, and the court finds that the means and operation of the accused device are markedly different from those of either of the plaintiff's patents in suit.

### CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties hereto and the subject matter of the consolidated actions under 35 U.S.C. § 271 and § 281, and under 28 U.S.C. § 1338.

2. The plaintiff, Illinois Tool Works, Inc., is the owner of Holmberg patent #2,646,911 and Poupitch patent #2,923,-406.

3. Because of the transfer of ownership from the plaintiff Holmberg to plaintiff Illinois Tool Works, Inc., the

plaintiff Illinois Tool Works, Inc., will be substituted as plaintiff for Lawrence O. Holmberg in action No. 40784.

4. Defendants have not infringed any of the claims of either of plaintiff's patents in suit.

Decree to be prepared in favor of defendants herein.