ILLINOIS TOOL WORKS, INC., a Delaware corporation, Appellant,

v.

Rex L. BRUNSING, an individual, Brunsing & Sons, Inc., a Nevada corporation, and Tay-Pak Corporation, a Nevada corporation, Appellees.

No. 22147.

United States Court of Appeals
Ninth Circuit.

Jan. 5, 1968.

Rehearing Denied Feb. 23, 1968.

Carl Hoppe, Ernest M. Anderson, San Francisco, Cal., Richard R. Trexler, Chicago, Ill., for appellant.

Louis F. Hawkins, San Rafael, Cal., for appellees.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

Two suits for patent infringement, brought by Illinois Tool Works, Inc. (Illinois Tool) against Rex L. Brunsing, Brunsing & Sons, Inc., and Tay-Pak Corporation, were consolidated for trial and appeal under the above heading. The patents in question are Holmberg Patent No. 2,646,911, issued July 28, 1953, and Poupitch Patent No. 2,923,406, issued on February 2, 1960. The patents, and the accused device, pertain to the packaging, in "six-packs" of conventional tin cans of food and beverages. Judgment was entered for defendants and plaintiffs appeal.[1]

Plaintiffs claimed that defendants made, used and sold devices that infringe on claims 1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13 of the Holmberg patent, and claims 1 and 2 of the Poupitch patent. Issue was drawn on this contention and the trial court made detailed findings supporting defendants' position. The findings of fact and conclusions of law of the trial court are reported in 254 F.Supp. 281, and the discussion which follows assumes familiarity with those findings and conclusions.

In its findings the trial court noted a number of differences between the claimed structures of the Holmberg patent and the accused device. Some of these differences, the court found, brought about substantially different results than were contemplated and achieved by the Holmberg patent.

According to the findings: Under Holmberg cans may be inserted or removed from the carrier only while they are at an intermediate angle to the carrier, while, in the accused device, the cans may be inserted vertically and may be removed by tipping the can upwardly at right angles to the clip, or horizontally; under Holmberg the carrier can be grasped only by means of a handle which permits the carrier to swing freely, while in the accused device, finger holes may be used as a means of grasping the carrier; and under Holmberg the cans will disengage from the carrier if the latter is tilted, whereas, in the accused device, the cans remain firmly attached to the carrier without regard to the angle at which the carrier is held.

1. This is the second time this litigation has been before this court. See Illinois Tool Works, Inc. v. Brunsing, 9 Cir., 378 F.2d 234.

The court found that the structural differences between the Poupitch patent and the accused device are at least as marked as in the case of the Holmberg patent, and that the different results thereby produced are essentially the same as noted above.

On this appeal Illinois Tool does not question the trial court's construction of the accused device or of the manner of its operation in comparison with the devices described in the Holmberg and Poupitch patents. It does, however, question the trial court's construction of the claims of the two patents, and argues that the accused structure either reads on the patent claims or is substantially equivalent thereto.

As the findings of fact indicate, the trial court construed the patent claims " * * * in light of the specifications and drawings." This was appropriate procedure, the rule being that the specification and drawings must be looked to in order to properly grasp the invention or explain any ambiguity in the claims. It is also to be borne in mind that the specification may not be used to enlarge a claim, but can be used to limit a claim. See Del Francia v. Stanthony Corp., 9 Cir., 278 F.2d 745, 747.

Recognizing that there are differences in language between the various claims of the patents in suit, but giving effect to the rules of construction referred to above, it is our opinion that the trial court did not err in its construction of the claims. Under that construction, the cans are not attached to the Holmberg and Poupitch carriers by a positive gripping action, such as is produced by the resilient tongue of the accused device. Instead, the outside of the top rims of the cans rest on the curved bottom of the slots or on the shoulders of the patented carriers and are prevented from falling out by overhanging flanges which engage the inside of the top rim of the cans. This prevents any outward movement, but only when the cans and carrier are in a substantially vertical position. The result is that a kind of handle must be used which permits the carrier to swing freely, thus enabling the force of gravity to hold the cans in a vertical position. If the carrier is tilted, the absence of a positive gripping action causes the cans to slip from the carrier.

The accused device not only obtains improved results, but it obtains those results in a substantially different manner without using the teaching of Holmberg or Poupitch. This substantial difference in principle negates application of the doctrine of equivalents in favor of Holmberg and Poupitch.

Affirmed.