SOUTHERN PARKWAY CORPORA-
TION, a Maryland corporation,
et al., Appellants

v.

LAKEWOOD PARK CORPORATION, a
Florida corporation, Appellee.

No. 15063.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 20, 1959.

Decided Dec. 10, 1959.

Mr. James E. Hogan, Washington, D. C., for appellants. Messrs. Arthur J. Hilland and Stanley Klavan, Washington, D. C., were on the brief for appellants. Mr. Ferdinand J. Mack, Washington, D. C., also entered an appearance for appellants.

Messrs. David G. Bress and Leonard Braman, Washington, D. C., for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and WILBUR K. MILLER, Circuit Judges.

EDGERTON, Circuit Judge.

The District Court separated Count 1 from the rest of a complaint and advanced this count for trial. The appealed judgment deals only with this count. Rule 54(b), F.R.Civ.P., 28 U.S.C.A., provides that when more than one claim is presented in an action the court may enter "a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Since no such express determination or express direction was made, the appealed judgment cannot be considered final and therefore is not appealable. Roberts v. American Newspaper Guild, 88 U.S.App.D.C. 231, 188 F.2d 650. We must dismiss the appeal for want of jurisdiction. David v. District of Columbia, 88 U.S.App.D.C. 92, 187 F.2d 204. We held in 1951 that "in the relatively early stage of the general enforcement of Rule 54(b)" a *nunc pro tunc* compliance with the rule, by an order of the District Court entered after an appeal

had been argued, was sufficient. Vale v. Bonnett, 89 U.S.App.D.C. 116, 117, 191 F. 2d 334, 335. It does not follow that, as appellant suggests, this would be sufficient today.

We think it immaterial that the appealed judgment is declaratory. Section 2201 of Title 28, U.S.C., which authorizes a court to declare the rights of parties "whether or not further relief is or could be sought", provides that "any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." But we take this to mean no more than that with regard to finality and review, declaratory judgments are like other judgments.

If the District Court sees fit to vacate its judgment and render substantially the same judgment in conformity with Rule 54(b), and if an appeal is taken from that judgment, the parties need not reprint briefs or appendices. Roberts v. American Newspaper Guild, supra. Etten v. Kauffman, 179 F.2d 302 (3 Cir.).

Dismissed for want of jurisdiction.