Lindsey J. WILLIAMS, Robert Matthews, Al Kerr, Robert Jones, Al Tanner, Max Harrison, James Hayes, John M. Goode, James A. Luciar and C. J. Bracco, Trustees of Seafarers' Welfare Plan, Plaintiffs-Appellants,

v.

BERNHARDT BROS. TUGBOAT SERVICE, INC., Defendant-Appellee.

No. 15303.

United States Court of Appeals Seventh Circuit.

March 25, 1966.

John M. Schobel, St. Louis, Mo., Thomas Q. Keefe, E. St. Louis, Ill., Barry J. Levine, St. Louis, Mo., for appellants, Gruenberg, Schobel & Souders, St. Louis, Mo., of counsel.

James K. Almeter, Alton, Ill., V. Lee McMahon, St. Louis, Mo., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Appellants, Trustees of Seafarers Welfare Plan, a trust established to provide health, welfare and pension benefits to employees of contributing employers, filed a complaint in the district court to recover payments alleged due them as beneficiaries under a contract between Bernhardt Bros. Tugboat Service, Inc., appellee, and Inland Boatman's Union of Seafarers' International Union of North America, Atlantic, Gulf, Lakes and Inland Waters District, AFL-CIO.

The complaint set out the following relevant allegations. Bernhardt executed a collective bargaining agreement with the Boatman's Union which in part provided that Bernhardt would make contributions to Welfare Plan in the amount of $1.75 per day worked for each of Bernhardt's employees covered by the agreement. Bernhardt failed to make full payments to Welfare Plan, but acknowledged its indebtedness by letter and indicated its willingness to make up its deficit when it was able to do so. As of March 22, 1964, Bernhardt was indebted to Welfare Plan in the amount of $31,496.25, which sum Bernhardt refused to pay.

In its answer to the complaint, Bernhardt affirmatively pleaded as a defense, *inter alia*, that the collective bargaining agreement under which Welfare Plan was suing had been the subject of prior litigation and had been declared "unlawful, illegal, and unenforceable *ab initio* because when executed the Union did not represent an uncoerced majority of defendant's employees in an appropriate unit within the meaning of the [Labor-

Management Relations] Act" as found by the NLRB and this court.[1]

Bernhardt also counterclaimed, alleging as a cause of action, oppressive and vexatious litigation on the part of Welfare Plan.[2]

Bernhardt filed a motion for summary judgment on grounds relating to the voidness of the collective bargaining agreement. The district court granted the motion and dismissed the complaint, but not the counterclaim nor the action. Welfare Plan appealed.

Bernhardt, relying on Rule 54(b), Federal Rules of Civil Procedure, 28 U.S. C.A., filed in this court a motion to dismiss the appeal on the ground that Welfare Plan had not appealed from a final, appealable judgment so as to vest jurisdiction in this court to consider the merits of the appeal.

On the day following the filing of Bernhardt's motion in our court to dismiss the appeal, Welfare Plan obtained a certificate *nunc pro tunc* from the district court, wherein that court stated it had entered a final order of judgment and that there was no just reason for delay of the appeal.

Bernhardt's motion to dismiss the appeal was denied, without prejudice to Bernhardt to renew the motion at the time of oral argument of the case on the merits.

Rule 54(b), Federal Rules of Civil Procedure, provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determi-nation and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

28 U.S.C.A. § 1291 provides:

"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts * * *."

The question raised in this court by Bernhardt's motion to dismiss this appeal is jurisdictional. It goes to the effect of a *nunc pro tunc* certification, under Rule 54(b), by the district court that the order entered dismissing the complaint on defendant's motion for summary judgment is final and there exists no just reason for delay, after the appeal has been taken.

The landmark case in this circuit is Winsor v. Daumit, 179 F.2d 475 (1950). There we held that the absence of the requisite certificate by the district court requires a dismissal of the appeal. We observed that the right of appeal is not negated, but must await the discretionary certification by the trial court. Otherwise, it is not a final judgment from which an appeal to this court can be taken. Texas Eastern Transmission Corp. v. McDonald, 7 Cir., 198 F.2d 929, 931 (1952). Southern Parkway Corp. v. Lakewood Park Corp., 106 U.S.App. D.C. 372, 273 F.2d 107 (1959). Cf. Stevens v. Turner, 7 Cir., 222 F.2d 352 (1955).

In this case, the appeal already having been taken to this court, the district court was without jurisdiction to enter the delayed certificate. Bush v. Unit-

1. Bernhardt Bros. Tugboat Service, Inc., et al., 142 NLRB 851. Order enforced, Bernhardt Bros. Tugboat Service, Inc. v. N. L. R. B., 7 Cir., 328 F.2d 757 (1964).

2. On oral argument, Bernhardt stated that this counterclaim had been amended to make it more substantial.

ed Benefit Fire Insurance Company, 5 Cir., 311 F.2d 893, 894 (1963); Arnhold v. United States, 9 Cir., 225 F.2d 649 (1955); District 65, etc. v. McKague, 3 Cir., 216 F.2d 153, 155 (1954); see 6 Moore's Federal Practice, ¶54.41[4].

Appellants cite and rely upon Norris Manufacturing Company v. R. E. Darling Co., 4 Cir., 315 F.2d 633 (1963), as authority supporting the entry of the *nunc pro tunc* order in the instant case.

In *Norris,* a judgment debtor appealed, contending that the judgment of the district court was not a final, appealable order. The appellee conceded on appeal that the orders of the district court, which were entered without an express determination that there was no just cause for delay, were a complete and final adjudication. In the instant case, the appellant did not raise the jurisdictional issue and is not attempting to avoid the effect of a judgment on the grounds of lack of finality. The appellee here has contested the jurisdiction of this court. There is no showing, as in *Norris,* that there had been a final adjudication of the claims tendered by appellee's amended counterclaim.

In Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 449, 76 S.Ct. 904, 100 L.Ed. 1311 (1956), the Supreme Court, giving recognition to the fact that the district court made a *nunc pro tunc* certification, noted that the district court amended its judgment with the permission of the court of appeals.

By contrast, in the instant case, the required certificate was executed by the district court about three months after the notice of appeal, one day after the motion to dismiss was filed in this court and without the consent of appellees or any authority of this court. We indicate no opinion on what action we would have taken had the matter been referred to us for approval.

Under the record in this case, we hold that the district court was without juris-diction to enter the *nunc pro tunc* order issuing the certificate in question and that this appeal must be dismissed. On remand, the district court is free, in its discretion, to take such action with respect to the finality of the order sought to be appealed herein as it shall deem proper.

It is ordered, that this appeal be and the same is hereby dismissed and this cause is remanded to the district court for further proceedings not inconsistent with this opinion.

Dismissed and remanded.