**ILLINOIS TOOL WORKS, INC., Appellant,**

v.

**Rex L. BRUNSING et al., Appellees.**

**No. 21068.**

United States Court of Appeals Ninth Circuit.

April 28, 1967.

Rehearing Denied May 23, 1967.

Carl Hoppe, Ernest M. Anderson, Hoppe, Mitchell, Murtha & Anderson, San Francisco, Cal., Richard R. Trexler, Olson, Trexler, Wolters & Bushnell, Chicago, Ill., for appellant.

Louis F. Hawkins, Hawkins & Hawkins, San Rafael, Cal., for appellees.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

In its present posture, this is a suit for patent infringement brought by Illinois Tool Works, Inc., against Rex L. Brunsing, Brunsing & Sons, Inc., and Tay-Pak Corporation. The patents in question are Holmberg Patent No. 2,646,911, issued on July 28, 1953 and Poupitch Patent No. 2,923,406, issued on February 2, 1960. These patents, and the accused device, pertain to the packaging, in "six-paks" of conventional tin cans of food and beverages.

Plaintiff sought damages and injunctive relief. Defendants denied infringement and defended on the additional grounds of patent invalidity, misuse and unclean hands. Defendants also counterclaimed for a judicial declaration that the patents are invalid, and for an injunction restraining plaintiff from suing defendants or their customers for infringement.

A pretrial order was thereafter entered providing that the infringement issue would first be separately tried, and that all other issues are to remain to be fixed for trial at such time as the district court may determine after passing upon the infringement issue. After a trial without a jury, the district court entered findings of fact which led it to conclude that defendants have not infringed any of the claims of either of plaintiff's patents in suit.

Based thereon, the court, on March 18, 1966, entered a judgment reciting that plaintiff take nothing by its complaint, that plaintiff's application for an injunction be denied, and that defendants be awarded costs. Plaintiff then took this appeal.

Since the judgment did not dispose of defendants' counterclaim, it was

interlocutory.[1] An interlocutory judgment entered in a patent infringement suit may be appealed where it is final except for accounting. 28 U.S.C. § 1292 (a) (4) (1964). McCullough v. Kammerer Corp., 331 U.S. 96, 67 S.Ct. 1165, 91 L.Ed. 1365. But the judgment here in question is interlocutory for the different reason that it does not dispose of a counterclaim.

The judgment would nevertheless have been reviewable if the district court had made an express determination that there is no just reason for delay and had given an express direction for the entry of judgment. Rule 54(b), Federal Rules of Civil Procedure. But no such determination and direction was made or given.

■ The judgment before us is therefore not appealable. Metal Coating Corporation v. National Steel Construction Co., 9 Cir., 350 F.2d 521, 522. Accordingly we must, on our own motion, dismiss this appeal.

Consistent with the procedure followed under similar circumstances in the *Metal Coating* case, it is ordered that if, after the certified copy of the judgment dismissing this appeal goes down, defendants consent to dismissal of their counterclaim with prejudice and an amended judgment containing such a provision is entered, or if the district court sees fit to make the express determination and to give the express direction referred to in Rule 54(b), and enter an amended judgment in conformity therewith, and if plaintiff appeals from whichever form of amended judgment is entered, the new appeal will be considered by this court on the record and briefs now on file, and on the oral argument already had.

■ We are not to be understood as suggesting that the district court should or should not make the express determination or give the express direction mentioned in Rule 54(b). These are matters

exclusively within the discretion of the district court.

■ Without intending to direct any particular course of action in this case when it gets back to the district court as a result of the dismissal of this appeal, it is appropriate to note that this court sometimes finds it inadvisable to review a district court determination that a patent is not infringed, where the question of patent validity has been raised as a defense but has not been adjudicated in the trial court. Even where the question of patent validity is raised only as an affirmative defense, and not as a counterclaim, this court may, and sometimes does, remand an appeal from a judgment adjudicating only the infringement issue with directions to also adjudicate the validity issue. See Coe Manufacturing Co. v. Jeddeloh Brothers Sweed Mills, 9 Cir., 306 F.2d 455, 456; Helbush v. Finkle, 9 Cir., 170 F.2d 41, 42.

Or, where the facts bearing upon validity were fully developed at the trial and found by the trial court, but the decision was confined to the infringement issue, we have sometimes proceeded to determine the validity issue on appeal, and to dispose of the appeal on that issue rather than on the question of infringement. See M.O.S. Corporation v. John I. Haas Co., Inc., 9 Cir., 375 F.2d 614, decided March 21, 1967. This would not be possible in the case now before us because the facts bearing on validity were not developed at the trial or found by the trial court.

The policy considerations dictating the desirability, in the ordinary case, of adjudicating patent validity as well as infringement, where validity is made an issue, are discussed in Sinclair & Carrol Co. v. Interchemical Corp., 325 U.S. 327, 330, 65 S.Ct. 1143, 89 L.Ed. 1644, and Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324

---

1. There are some indications in the record that, if defendants prevailed on the infringement issue, they would abandon their counterclaim. But there is nothing in the record to indicate that if we should reverse on the infringement issue, and remand for trial on defendants' other defenses—invalidity, misuse and unclean hands—defendants would not then also press their counterclaim. Thus defendants have not, as of now, completely abandoned their counterclaim.

U.S. 806, 816, 65 S.Ct. 993, 89 L.Ed. 1381. See, also, the *M.O.S. Corporation* decision of this court, referred to above, where the Supreme Court pronouncements on the subject were reviewed and the past practice of this court was discussed.

The appeal is dismissed.