Patricia Ann **LEVIN**, a minor, by her parents and natural guardians, Philip Levin and Harriet Levin, and Philip Levin and Harriet Levin, in their own right

v.

**WEAR–EVER ALUMINUM, INC.**
and
**Edward Kennedy, Jr.**

Civ. A. No. 37433.

United States District Court
E. D. Pennsylvania.

June 23, 1969.

---

Robert M. Ross, of Richter, Lord, Toll, Cavanaugh, McCarty & Raynes, Philadelphia, Pa., for plaintiffs.

Thomas R. White, Jr., of White & Williams, Philadelphia, Pa., for defendant Wear-Ever Aluminum, Inc.

Jordon R. Pitock, Philadelphia, Pa., for defendant Kennedy.

## OPINION AND ORDER

BODY, District Judge.

In this personal injury action plaintiff, Patricia Ann Levin, a minor, alleged that she was walking across Chestnut Street at 34th, Philadelphia, where she was hit by defendant Edward Kennedy, Jr.'s motor vehicle. Kennedy contended that she was not in the crosswalk but was running across the street diagonally when struck in the center of it. A directed verdict for defendant, Wear-Ever Aluminum, Inc., was entered by the Court at the close of all testimony. As to Kennedy, the jury was hopelessly deadlocked and was discharged. Plaintiff filed her motion for a new trial as to Wear-Ever.

The sole problem is whether Kennedy was operating his vehicle on the business of Wear-Ever, was its agent, and whether he was within the scope of his employment.

The case of George v. Nemeth, 426 Pa. 551, 233 A.2d 231 (1967) carefully considers the necessary factors that are important in determining the proper conclusion. In that case the court held that the agency relationship did not exist, but that the driver was an independent contractor. That case carefully and precisely says that the question of agency is one to be decided by the court as a matter of law. It also gives us the age-old legal truism:

"Speaking generally, 'The hallmark of an employee-employer relationship is that the employer not only controls the result of the work but has the right to direct the manner in which the work shall be accomplished; the hallmark of an independent contractee-contractor relationship is that the person engaged in the work has the exclusive control of the manner of performing it, being responsible only for the result.' Green v. Independent Oil Co., supra [414 Pa. 477] at 484, 201 A.2d [207] at 210 (1964)."

[At pp. 553–554, 233 A.2d at p. 232]

We must consider all factors indicative of a determination of relationship.

We have the following favoring plaintiff's contentions:

1. Prohibition as to what Kennedy would say when demonstrating for a sale;

2. Pots and pans were owned by Wear-Ever;

3. On credit sales, if the order was approved then the goods would be delivered to the customer, and upon payment, extra commission was paid Kennedy;

4. Prices of products were determined by Wear-Ever;

5. The area in which Kennedy could sell was limited to the counties of Philadelphia, Bucks, Chester, Delaware and Montgomery in Pennsylvania; Newcastle in Delaware, and Southern New Jersey;

6. Kennedy to attend weekly sales meetings;

7. Sales taxes for items sold were turned over to Wear-Ever;

8. On credit sales, risk of loss was with Wear-Ever;

9. Kennedy was coming from a prospective customer and was going to call on a prospective customer.

On the other hand, in the consideration of a nonagency relationship with Wear-Ever, we have the following:

1. Kennedy determined his working times both as to the amount of

hours and days, with no limit as to the days;

2. Kennedy could call on such and any customers when, how and where he wished, except that he had an assigned territory which was so vast that it must be considered almost limitless;

3. He used whatever transportation that he desired, but not the vehicle of Wear-Ever. It had no control over his manner of driving;

4. He paid his own costs of transportation;

5. He had no authority to contract for his company;

6. Under his agreement with Wear-Ever, he is described as an independent contractor and not an employee;

7. Kennedy was not entitled to Workmen's Compensation under his contract;

8. He wore no uniform or badge;

9. He could and did cut list prices of the products; however, this was done without written consent of Wear-Ever, and then the cut or discount was deducted from his ultimate commissions;

10. The weekly reports were as to calls and sales, and not as to hours, times, or days worked;

11. He could and did buy goods at a reduced price and then sold same at list price;

12. His compensation depended upon sales;

13. He was to get 20% of each order, but in his discretion he could take less than 20%, but he would still report 20% and the risk of collection was Kennedy's;

14. Kennedy had no charge account with Wear-Ever.

As in the case of George v. Nemeth, supra, the issue is whether the employer not only controls the result of the work, but has a right to direct the manner in which it shall be accomplished; or whether, on the other hand, the person engaged in the work has the exclusive control of the manner of performing it, being responsible for the result. Plaintiff had the burden of proving the agency relationship and has failed. Kennedy was responsible only for the results. He had exclusive control of the manner of the work performed, and was at liberty to perform his work as he saw fit.

### ORDER

Accordingly, this twenty-third day of June, 1969, it is ordered that plaintiff's motion for a new trial is refused.