**Patricia Ann LEVIN, Appellant,**

v.

**WEAR-EVER ALUMINUM, INC. and Edmond Kennedy, Jr.**

**No. 18796.**

United States Court of Appeals, Third Circuit.

Argued May 4, 1970.

Decided June 1, 1970.

Robert M. Ross, Richter, Syken, Ross, Binder & O'Neill, Philadelphia, Pa., for appellant.

Richard M. Shusterman, White & Williams, Philadelphia, Pa., for appellee Wear-Ever Aluminum, Inc.

Before HASTIE, Chief Judge, and MARIS and FREEDMAN, Circuit Judges.

OPINION OF THE COURT

MARIS, Circuit Judge.

In this case the plaintiff, Patricia Ann Levin, brought suit against the defendants, Wear-Ever Aluminum, Inc., and Edmond Kennedy, Jr., in the District Court for the Eastern District of Pennsylvania to recover damages for injuries suffered by her in an automobile accident. Defendant Kennedy was the driver of the automobile which struck her and she alleged that defendant Wear-

Ever Aluminum, Inc., was his employer or principal.

At the first trial of the case, defendant Wear-Ever Aluminum, Inc., made a motion at the close of the plaintiff's case, and again at the close of all the evidence, for a directed verdict in its favor. Treating this as a motion to dismiss as to that defendant, the trial judge orally granted the motion and a notation to that effect was entered on the docket on April 29, 1968. However, no written order was filed. The trial proceeded as to the defendant Kennedy and the jury, being unable to agree upon a verdict, was discharged. Thereafter, following certain proceedings not here necessary to recite, the case came on for a second trial as to the defendant Kennedy at which trial the jury rendered a verdict of $35,000.00 in favor of the plaintiff and against that defendant on January 9, 1970. The present appeal by the plaintiff followed. See, 306 F.Supp. 511.

We have before us a motion by the plaintiff to remand the record to the district court for the entry of a final appealable judgment in favor of Wear-Ever Aluminum, Inc., in accordance with the oral decision dismissing the complaint as to it to which we have referred, and a counter motion by the defendant Wear-Ever Aluminum, Inc., to dismiss the present appeal. The appeal must be dismissed because the record does not disclose the existence and entry on the docket of the district court of a final appealable judgment terminating the litigation.

Rule 58, F.R.Civ.P., as amended effective July 1, 1963, provides:

"Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79 (a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course."

Rule 79(a), F.R.Civ.P., in pertinent part provides:

"* * * all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show * * * the substance of each order or judgment of the court * * *. The entry of an order or judgment shall show the date the entry is made. * * *"

The decision noted on the docket on April 29, 1968 was not an appealable judgment. In the first place it terminated the litigation as to only one of the two defendants named in the complaint and did not contain a determination that there was no just reason for delay or an express direction for the entry of judgment as required by Rule 54(b), F.R.Civ.P., to make it final and appealable. And in the second place, it does not appear that the decision was committed to writing, let alone being set forth on a separate document which is, as we have seen, specifically required by Rule 58, F.R.Civ.P.

Nor was an appealable judgment prepared and entered upon the verdict which was rendered against defendant Kennedy on January 9, 1970. It appears that upon a memorandum prepared in part by counsel and in part by the courtroom deputy clerk, the deputy clerk wrote the following words: "Judgment accord-

ingly" following the typed entry "Jurors returned Special Verdict by answering interrogatories: Verdict in favor of Plaintiff in the amount of $35,000.00 and against the defendant, Edmond Kennedy, Jr." On the docket of the district court there appears under date of January 9, 1970 the following entry: "Minute order verdict in favor of Plff. in sum of $35,-000 against deft., filed." No final appealable judgment conforming to the Federal Rules of Civil Procedure resulted from these proceedings for two reasons. The first is that no judgment set forth on a separate document as required by Rule 58, F.R.Civ.P., was prepared and signed.[1] And the second is that no notation of a judgment was entered on the docket of the district court as required by Rules 58 and 79(a), F.R.Civ.P.

■ The provisions of Rule 58 that "Every judgment shall be set forth on a separate document" and "is effective only when so set forth and when entered as provided in Rule 79(a)" in the docket were designed to eliminate just such uncertainty as has arisen in this case as to whether and when a judgment has been rendered and entered which is effective to start the time running for appeal. See Advisory Committee Note to Rule 58, F.R.Civ.P., as amended January 21, 1963, 28 U.S.C.A., Rule 58, Cumulative Annual Pocket Part. These provisions are mandatory in all cases. Jenkins v. United States, 3 Cir. 1963, 325 F.2d 942; Pure Oil Company v. Boyne, 5 Cir. 1966, 370 F.2d 121; Home Federal Sav. & L. Ass'n of Chicago v. Republic Ins. Co., 7 Cir. 1968, 405 F.2d 18, 25. Accordingly, upon the return of the record following the dismissal of the present appeal it will be the duty of the clerk of the district court, by himself or a deputy clerk, to proceed forthwith, as directed by clause (1) of Rule 58 to prepare on a separate document, sign and enter on the docket of the court, a judgment dismissing the complaint as against defendant Wear-Ever Aluminum, Inc., and awarding the

plaintiff the sum of $35,000.00 with interest and costs as against the defendant Edmond Kennedy, Jr., thus providing an effective judgment from which the parties may appeal if they desire to do so.

The present appeal will be dismissed.

---

**1.** As to an appropriate form for such a judgment see Forms 31 and 32 in the Appendix of Forms to the Federal Rules of Civil Procedure.