Robert H. TURTLE, Appellant,

v.

INSTITUTE FOR RESOURCE MANAGE-
MENT, INC., et al.

No. 71-1251.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 22, 1973.

Leslie Scherr, Washington, D. C., was on the brief for appellant.

Benny L. Kass, Washington, D. C., was on the brief for appellee, A. Harvey Block.

Norment Custis, Washington, D. C., was on the brief for appellee, Lawrence M. White.

Before TAMM and MacKINNON, Circuit Judges, and WADE H. McCREE, Jr. *, United States Circuit Judge for the Sixth Circuit.

McCREE, Circuit Judge:

Under 28 U.S.C. § 1291, the United States courts of appeals have jurisdiction to review "final decisions" of the United States district courts. A "final decision" is one which disposes of the whole case on its merits, e. g., John Thompson Beacon Windows, Ltd. v. Ferro, Inc., 98 U.S.App.D.C. 109, 232 F.2d 366, 368 (1956), by rendering final judgment "not only as to all the parties, but as to the whole subject matter and as to all causes of action involved." Tauzin v. Saint Paul Mercury Indemnity

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1970).

Co., 195 F.2d 223, 225 (5th Cir. 1952). When there are multiple parties and/or multiple claims involved, Fed.R.Civ.P. 54(b) provides an exception to this requirement by allowing a district court to direct the entry of final judgment upon less than all of the claims or with respect to less than all of the parties if the court expressly determines that there is no just reason for delay and expressly directs the entry of such judgment. In the absence of such determination and direction, an appeal of an order terminating the litigation with respect to less than all of the claims or parties involved must be dismissed. Chvala v. D. C. Transit System, Inc., 110 U.S.App.D.C. 331, 293 F.2d 519 (1961), judgment rev'd, 113 U.S.App.D.C. 171, 306 F.2d 778 (D.C.Cir. 1962); Southern Parkway Corp. v. Lakewood Park Corp., 106 U.S. App.D.C. 372, 273 F.2d 107 (1959).

█ Accordingly, dismissal of this appeal for lack of jurisdiction is required because of lack of compliance with Rule 54(b). This is so either because the complaint was dismissed with respect to only two of the defendants, Bailey v. Rowan Drilling Co., 441 F.2d 57 (5th Cir. 1971); Levin v. Wear-Ever Aluminum, Inc., 427 F.2d 847, 848 (3d Cir. 1970); Lehrer v. McCloskey Homes, Inc., 242 F.2d 190 (3d Cir. 1957), judgment rev'd, 245 F.2d 11 (3d Cir. 1957), or because defendant Block's counterclaim is still pending before the District Court. Illinois Tool Works, Inc. v. Brunsing, 378 F.2d 234 (9th Cir. 1967), judgment aff'd, 389 F.2d 38 (9th Cir. 1968); Williams v. Bernhardt Bros. Tugboat Service, Inc., 357 F.2d 883 (7th Cir. 1966).

If, following the issuance of our mandate in this case, the District Court makes the determination and direction required by Rule 54(b), or if plaintiff agrees to the dismissal of his complaint with respect to the remaining defendants with(out) prejudice and defendant Block agrees to the dismissal of his counterclaim with(out) prejudice, plaintiff's appeal will be considered by this court on the briefs and record heretofore filed. See Illinois Tool Works, Inc. v. Brunsing, supra; Southern Parkway Corp. v. Lakewood Park Corp., supra.