565 F.2d 1322
 BELMONT PLACE ASSOCIATES, Plaintiff-Appellant,
v.
BLYTH, EASTMAN, DILLON AND COMPANY, INC., Eastdil Realty,
Inc., the Seamen's Bank for Savings, Belmont of
Houston, Inc. and James L. Read,
Trustee, Defendants-Appellees.
 No. 76-3409
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Jan. 10, 1978.
 Newton B. Schwartz, Houston, Tex., for plaintiff-appellant.
 Kenneth R. Wynne, Houston, Tex., for Seamen's Bank, Etc. and James L. Read.
 B. Thomas Cook, Fred Knapp, Jr., Houston, Tex., for Blyth, Etc., Eastdil Realty, and Belmont of Houston, Inc.
 Appeal from the United States District Court for the Southern District of Texas.
 Before THORNBERRY, RONEY and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 After the plaintiff filed its complaint in this case, one of the defendants filed a counterclaim. The district court dismissed the plaintiff's complaint and consolidated the counterclaim with another pending action. Plaintiff appeals from the dismissal. We conclude that the order appealed from "adjudicates fewer than all the claims" in this lawsuit, and since there has been no express determination under Fed.R.Civ.P. 54(b) that "there is no just reason for delay" we are accordingly without appellate jurisdiction.
 
 
 2
 A claim and a counterclaim constitute multiple claims under the express terms of Fed.R.Civ.P. 54(b), and a decision on only one of those claims does not constitute a final appealable order absent "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See also Johnson v. McDole, 526 F.2d 710 (5th Cir. 1976). Plaintiff argues that the consolidation of the counterclaim with another pending lawsuit reduced this action to a single claim lawsuit which was finally disposed of by the dismissal order. The consolidation here, however, was for administrative convenience under the court's Fed.R.Civ.P. 42 powers, and not a Fed.R.Civ.P. 21 severance. It is only by a severance that one "action" can become two. Therefore, the counterclaim continues as part of this "action" and thus Rule 54(b) leaves us without jurisdiction. See Hebel v. Ebersole, 543 F.2d 14, 17 (7th Cir. 1976); Southern Parkway Corp. v. Lakewood Park Corp., 106 U.S.App.D.C. 372, 273 F.2d 107 (1959).
 
 
 3
 DISMISSED.
 
 
 
 *
 Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I