Coy E. **KIRTLAND**, Plaintiff-Appellant,

v.

**J. RAY McDERMOTT & CO. et al., Defendants,**

**Columbia Gulf Transmission Company, Defendant-Appellee.**

No. 76–2511.

United States Court of Appeals, Fifth Circuit.

March 3, 1978.

Daniel E. Broussard, Jr., George A. Flournoy, Alexandria, La., for plaintiff-appellant.

John G. Torian, II, Lafayette, La., for McDermott—interested party.

Frank J. Peragine, New Orleans, La., for Columbia Gulf Transmission Co.

Before COLEMAN, HILL and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge.

This appeal originally sought to raise the issue whether a defendant, whose alleged

liability is based on Louisiana tort law,[1] and a defendant, sued under the Jones Act, 46 U.S.C. § 688, for alleged joint negligence leading to the plaintiff's injury, may be considered liable for the same debt *in solido.* If so, a suit against the Jones Act employer would interrupt the prescriptive period (referred to as the statute of limitations in other states) with respect to the other. See LSA–C.C. Art. 2097. However, because the appeal was taken before a final judgment was entered pursuant to Rule 54(b), F.R. C.P.,[2] the appeal was defective; this deficiency may not be cured retroactively and the appeal is, therefore, dismissed.

### I.

Plaintiff sustained injuries in a fall from a fixed offshore platform. He sued his employer, McDermott, for negligence under the Jones Act, 46 U.S.C. § 688, and for unseaworthiness under the general maritime law. He later joined Columbia, the alleged owner or proprietor of the platform in tort, as an additional defendant. Louisiana law governs the tort and prescription issues in plaintiff's claim against Columbia. Outer Continental Shelf Lands Act, 43 U.S.C. § 1331; *Chevron Oil Co. v. Huson,* 1971, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296.

Louisiana has a one-year prescriptive period for actions in tort. LSA–C.C. Art. 3536. The Jones Act claim against McDermott was filed within one year of the injury,[3] but the claim against Columbia was not. However, LSA–C.C. Art. 2097 provides, "A suit brought against one of the debtors *in solido* interrupts prescription with regard to all." Hence, if Columbia and McDermott were liable *in solido* for the

injury, then the filing of suit against McDermott interrupted prescription against Columbia; if they are not liable *in solido,* then the action against Columbia was prescribed.

On April 14, 1976, the district court granted Columbia's motion for summary judgment based upon its plea of prescription. The opinion stated: "This opinion will serve as a judgment dismissing" plaintiff's claim against Columbia. On April 20, 1976, plaintiff filed a notice of appeal which treated the opinion-ruling as a final judgment. On June 2, 1976, the appeal was docketed in this court. One day later, on June 3, 1976, an "Order for Final Judgment" was entered in the district court; this recited, pursuant to Rule 54(b), F.R. C.P., "that there is no just reason for delay for an entry of final judgment." The judgment and verification were received by this court on June 11, 1976.

### II.

Where, as here, more than one claim for relief is presented in an action, an express determination pursuant to Rule 54(b) is required as a prerequisite to an appeal from an order disposing of fewer than all the claims. Rule 54, F.R.C.P.; *Belmont Place Associates v. Blyth, Eastman, Dillon & Co., Inc.,* 5 Cir. 1978, 565 F.2d 1322; *Anderson v. Robinson,* 5 Cir. 1974, 494 F.2d 45; *General Motors Corp. v. Dade Bonded Warehouse, Inc.,* 5 Cir. 1974, 498 F.2d 327. Until the Rule 54(b) imprimatur is added, no appealable order exists, even if there is a judgment complying with the requirements of Rule 58.[4] *Austracan (U.S.A.) Inc. v. M/V Lemoncore,* 5 Cir. 1974, 500 F.2d 237, 240–241; *McCormick v. Lan-*

---

1. The defendant is sued under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, but that statute adopts Louisiana law as surrogate federal law. *Chevron Oil Co. v. Huson,* 1971, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296.

2. Rule 54(b) provides in relevant part:
 When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determina-

tion that there is no just reason for delay and upon an express direction for the entry of judgment.

3. The Jones Act adopts the three year limitation period provided by the F.E.L.A., 45 U.S.C. § 51.

4. Rule 58 requires that a judgment be set forth on a separate document. See *U. S. v. Indrelunas,* 1973, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202, 17 FR Serv2d 1.

*drieu*, 5 Cir. 1972, 469 F.2d 673. See also, *District 65, Etc. v. McKague*, 3 Cir. 1954, 216 F.2d 153. The appeal in this case was from a judicial opinion that did not satisfy the requirements of Rule 58 or Rule 54(b); therefore, it was premature.

The requirements of Rule 58 may be satisfied by the district court after an appeal is docketed. *Stokes v. Petyon's Inc.*, 5 Cir. 1975, 508 F.2d 1287; *Markham v. Holt*, 5 Cir. 1966, 369 F.2d 940; *Bates v. Batte*, 5 Cir. 1951, 187 F.2d 142, *cert. denied*, 342 U.S. 815, 72 S.Ct. 29, 96 L.Ed. 616. Hence, the June 3, 1976, judgment, as well as the July 26, 1977, judgment, satisfied the Rule 58 requirements. However, the same precedents do not govern utilization of *nunc pro tunc*[5] action to satisfy the requirements of Rule 54(b). The entry of Rule 58 judgments is essentially ministerial in most cases, and that Rule requires "upon a decision by the court . . . that all relief shall be denied" that the Clerk of Court "unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court . . . ." Rule 54(b) orders, however, require the exercise of judicial discretion and the text of the Rule provides that, in the absence of a judicial determination to enter a final judgment, the order or decree remains interlocutory. The logical distinction for the difference in results is predicated on the terms of the rules. Moreover, the problem is not one for pristine fervor; the result is determined by the prior decisions of other panels of the circuit.

### III.

If Rule 54(b) has not been complied with at the time the appeal is filed, the usual practice of the circuit courts is to dismiss the appeal. See 6 Moore, Federal Practice § 54.41(4), 772–773, and 10 Wright & Miller, Federal Practice & Procedure § 2660, at 88–89. As these authors point out, when the problem first arose[6] some appellate courts did retain the case on their dockets and allowed the parties to seek a *nunc pro tunc* certification from the trial court. See *Vale v. Bonnett*, 1951, 89 U.S.App.D.C. 116, 191 F.2d 334; compare *Kaufman & Ruderman v. Cohn & Rosenberger*, 2 Cir. 1949, 177 F.2d 849, 850, where the court of appeals had already affirmed the decision below on the merits and then expressly permitted the district court to enter a *nunc pro tunc* certification. See also, *Cold Metal Process Co. v. United Eng. & Fdry. Co*, 1956, 351 U.S. 445, 449–450, 76 S.Ct. 904, 907, 100 L.Ed. 1311. That practice has apparently been disapproved by every court to consider the matter since 1954. *TMA Fund, Inc. v. Biever*, 3 Cir. 1975, 520 F.2d 639, 642, note 4; *Oak Construction Co. v. Huron Cement Co.*, 6 Cir. 1973, 475 F.2d 1220; *Williams v. Bernhardt Bros. Tugboat Service, Inc.*, 7 Cir. 1966, 357 F.2d 883; *Wolfson v. Blumberg*, 2 Cir. 1965, 340 F.2d 89; *Bush v. United Benefit Fire Insurance Co.*, 5 Cir. 1963, 311 F.2d 893 (alternative holding); *Southern Parkway Corp. v. Lakewood Park Corp.*, 1959, 106 U.S.App.D.C. 372, 273 F.2d 107; *Island Service Co. v. Perez*, 9 Cir. 1957, 255 F.2d 559, 561. See also, *District 65, Etc. v. McKague*, 3 Cir. 1954, 216 F.2d 153.

Aside from the express provisions of Rules 54 and 58 already referred to, these decisions also rely on the rationale that the district court lacks jurisdiction to act during the appeal. But *cf., Arnhold v. U. S.*, 9 Cir. 1955, 225 F.2d 650, *vacated and remanded on other grounds*, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354.

---

**5.** The Latin phrase *"nunc pro tunc"* translated literally means "now for then." With respect to the rendition of a judgment or a Rule 54(b) certificate, *nunc pro tunc* signifies a belated entry of the document and that the document will be given an anterior effect. See generally, 6A Moore's Federal Practice § 58.08, *passim; Mitchell v. Overman*, 1880, 103 U.S. 62, 26 L.Ed. 369.

**6.** The Rule became effective March 19, 1948. It was amended, effective July 19, 1961, to cover situations "where multiple parties are involved" and to authorize entry of judgment as to fewer than all the "parties" only on the basis of an express determination.

Thus, in *Bush, supra,* 311 F.2d at 894, this court stated:

> While we indicated upon oral argument that we would delay decision pending the efforts to obtain a certificate under Rule 54(b), that certificate does not change our opinion that the appeal should be dismissed for two reasons: First, the certificate cannot attach finality to an adjudication that does not finally dispose of a claim, and we hold that this one does not . . . Second, the district court was without jurisdiction to enter the delayed certificate.

■ One further suggested basis for concluding that the district court lacks jurisdiction to act, *nunc pro tunc* or otherwise under Rule 54, is that it has previously entered a final judgment under Rule 58. See Wright & Miller, *supra,* at 88. Hence, it is contended that where, as here, no final judgment complying with Rule 58 had been entered prior to the attempted *nunc pro tunc* certification under Rule 54, the district court was not divested of jurisdiction when it entered the certification. However, it is the filing of the appeal, not the entering of a final judgment, that divests the district court of jurisdiction. See, e. g., Rules 50(b), 52(b), 59(b), 59(d), 59(e), and 60(b), F.R.C.P.; 9 Moore, Federal Practice § 203.11. In fact, there is no final judgment until the Rule 54(b) certification has been entered, *Austra-*

can (U.S.A.) Inc. v. M/V Lemoncore, supra; McCormick v. Landrieu, supra.

■ If the appeal did not deprive the district court of jurisdiction because it was premature, *Turner v. HMH Publishing Co.,* 5 Cir. 1964, 328 F.2d 136,[7] then there has never been a valid appeal from a final judgment.[8] Nor could the parties now timely appeal from the July 26, 1977, or June 3, 1976, Rule 54(b) judgment. Rule 4, F.R.A.P. Hence, a new certification pursuant to Rule 54(b) and an appeal therefrom are required before this court may consider the merits of the Columbia appeal apart from the whole case.

## IV.

Both parties to this appeal suggest that the failure to obtain the certification timely was inadvertent; a certification has, in fact, been obtained, and another certification will be readily obtainable. Therefore, it is undesirable, indeed a mere technicality, to dismiss the appeal and require the parties to make an unnecessary round trip to the trial court. The argument finds some support in the texts. See Wright & Miller, *supra,* § 2660, at 88--89. Compare 9 Moore's Federal Practice, *supra,* § 203.11, at 734.

■ However, while it is clear that the district court has issued a certification or-

---

**7.** In a related context it has been suggested that a patently premature appeal should not divest the trial court of jurisdiction. See *Keith v. Newcourt,* 8 Cir. 1976, 530 F.2d 826; *Hodgson v. Mahoney,* 1 Cir. 1972, 460 F.2d 326, 328; *Ruby v. Secretary of United States Navy,* 9 Cir. 1966, 365 F.2d 385, 389, *cert. denied,* 1967, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442; *Euziere v. United States,* 10 Cir. 1959, 266 F.2d 88, *vacated on other grounds,* 1960, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720. According to the court in *Ruby, supra* :

> Where the deficiency in a notice of appeal, by reason of untimeliness . . . is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported

appellee obtains dismissal of the appeal in the court of appeals.

Professor Moore thought the comment in *Ruby, supra,* "a very sound resolution of the problem . . ." In his opinion, "Whenever, then, an attempted appeal is manifestly ineffective to invoke the jurisdiction of the court of appeals, the district court should be free to proceed as though no appeal has been taken, which is the fact." 9 Moore's Federal Practice, § 203.11, p. 738.

However, the primary rationale for the trial court retaining jurisdiction during a patently premature appeal is to prevent a party from interrupting the opposing party's right to continuing trial court jurisdiction by appealing at will. See Moore, *supra.* Such an abuse is not present here.

**8.** This appeal was docketed on June 2, 1976, prior to the entry of the several judgments.

der, this dismissal is not based on technical considerations alone. There is serious doubt whether a Rule 54(b) certification would be appropriate under the circumstances of this case. As the court in *Panichella v. Ra. R. Co.*, 3 Cir. 1958, 252 F.2d 452, 455, *cert. denied*, 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353, found: "[Rule] 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule." On the basis of the present record, the trial court may wish to reconsider the question of certification *ab initio*.[9]

 It is not immediately apparent that it will serve a useful purpose to resolve the claim against Columbia prior to trial of the claim against McDermott. If McDer-

mott is not found liable, then the question of prescription as to Columbia would be moot. Only in the event McDermott is found liable could a claim against Columbia survive.[10] The trial of this Jones Act claim is not likely to be lengthy, and it may be better to determine it before the case is appealed. The trial court may also wish to consider the relative cost to Columbia of a trial on the merits as compared to the cost of a later appeal.

For the reasons stated, the appeal is DISMISSED.

---

9. If the district court should decide to certify, and should this court find such certification is not an abuse of discretion; see, *Cold Metal Process Co. v. United Eng. & Fdry. Co.*, 1956, 351 U.S. 445, 452, 76 S.Ct. 904, 909, 100 L.Ed. 1311; *Gumer v. Shearson, Hammill & Co., Inc.*, 2 Cir. 1974, 516 F.2d 283; *Schwartz v. Compagnie General Transatlantique*, 2 Cir. 1968, 405 F.2d 270, and cases cited therein, then the parties will not be inconvenienced unduly by this dismissal in the light of the liberal policy of this circuit with respect to submitting the case on the record and briefs prepared for this appeal, supplemented by the new judgment and certificate, and on oral argument heretofore heard. *Anderson v. Robinson*, 5 Cir. 1974, 494 F.2d 45; *General Motors Corp. v. Dade Bonded Warehouse*, 5 Cir. 1974, 498 F.2d 327; *King v. California Co.*, 5 Cir. 1955, 224 F.2d 193, 197, at note 11.

10. We intimate no opinion on the merits, but the court may wish to consider issues not previously raised before it. Thus, two parties may be liable *in solido* under Louisiana law without being joint-tortfeasors. LSA–C.C. Art. 2091 requires only that they be "obliged for the same thing." *Cf.*, LSA–C.C. Art. 2103. " . . . [O]ne of the debtors [may] be obliged differently from the other to the payment of one and the same thing . . . ." LSA–C.C. Art. 2092.

Accordingly, an obligation *in solido* may exist when the liability of the one debtor is in tort and that of the other debtor in contract. See, e. g., *Swanson v. Comeaux*, La.App.1973, 286 So.2d 117, *aff'd*, La.1974, 296 So.2d 267 (insured liable for tort and insurer liable under contract); *Granger v. General Motors*, La.App. 1965, 171 So.2d 720 (truckdriver liable for tort and a manufacturer and seller of the truck liable for breach of warranty are obligated *in solido*). See, also, *Town of Winnsboro v. Barnard & Burk, Inc.*, La.App.1974, 294 So.2d 867, 886, "The jurisprudence recognizes that solidary obligations may result even though the parties are bound under separate contracts and even though one party may be bound under contract and the other through some other basis of law." See, also, *Avondale Shipyards, Inc. v. Vessel Thomas E. Cuffe*, E.D.La.1977, 434 F.Supp. 920, 932, note 14.

Another issue not previously raised before the trial court is whether defendants are liable *in solido* only when both are liable under similar legal theories or for breaching equivalent standards of negligence. Although a Jones Act plaintiff need establish only the slightest negligence, *Kernan v. American Dredging Co.*, 1958, 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382, he may prove more.