Norman O. ELLIS

v.

Margaret HECKLER, Secretary of Health and Human Services.

Civ. A. No. 79–1314.

United States District Court,
E.D. Pennsylvania.

Aug. 30, 1983.

Jonathan M. Stein, Community Legal Services, Philadelphia, Pa., for plaintiff.

Gary Tilles, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Secretary of Health and Human Services denying him Social Security disability benefits. On July 9, 1982, I granted plaintiff's motion for summary judgment and remanded the case to the Secretary for an award and calculation of benefits. Presently before me is the petition by plaintiff's counsel for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (Supp. IV 1980). Because the application was not filed within 30 days of final judgment, as required under 28 U.S.C. § 2412(d)(1)(B), the request for attorneys' fees must be denied.

Pursuant to Fed.R.Civ.P. 58, in order for a judgment to be effective, it must be set forth on a separate document. In addition, the judgment must be entered by the clerk of court in the civil docket. Fed.R.Civ.P. 79(a). See 11 C. Wright & A. Miller *Federal Practice and Procedure* § 2785 (1973). These dual requirements are considered mandatory and are designed to provide certainty to start the time running for appeal. *Levin v. Wear-Ever Aluminum, Inc.,* 427 F.2d 847 (3d Cir.1970). Unfortunately, the

circumstances of the present case preclude a facile application of this mechanical rule.

On July 9, 1982, I signed an order approving and adopting the magistrate's report and recommendation. In accordance with Rule 58, this order stated, on a document separate from the report and recommendation, that "summary judgment is entered in plaintiff's favor." On the same date, the clerk entered a notation in the civil docket that "summary judgment is entered in Plff's (sic) favor." (Docket entry no. 16). Copies of the order were mailed to the parties on this date.

Ordinarily, these actions alone would render the judgment effective. However, by a clerical error, another order was issued and entered on the docket on December 23, 1982, stating that "in accordance with this order filed July 9, 1982 judgment is entered in favor of deft and against plff." (sic) Plaintiff's counsel filed their motion for attorneys' fees on January 21, 1983. The issue, therefore, is what, if any, significance should be given to this second order. I have concluded that the judgment was effective on July 9, 1982, and therefore the order entered on December 23, 1982, is a nullity.

■ Several factors mandate this conclusion. First, all conditions necessary to make the judgment effective occurred on July 9, 1982. On that date, I ordered judgment be entered in plaintiff's favor and the clerk entered this order on the docket. It would be inconsistent with the policy behind Rules 59 and 78 to allow the entry of a second order to vacate the finality of the initial judgment. Rather than promoting certainty for when the time for appeal would begin running, *see Levin v. Wear-Ever Aluminum, Inc., supra,* the appeal period would be boundless. Second, since copies of the July 9, 1982, order were mailed to all counsel, any claim of prejudice or surprise by plaintiff's attorneys is unsupportable. Finally, the December 23, 1982, order misstates the prior decision and says judgment is entered for defendant rather than plaintiff.

■ Plaintiff's counsel contend that the time limit for filing the fee application under the EAJA was not triggered by the initial decision because when this judgment was entered, the case was remanded to the Secretary for a calculation of benefits. Counsel assert that until these benefits are calculated, there is no final judgment. This argument is without merit. As is evident from 42 U.S.C. § 405(i), the calculation of benefits is a level of administrative action separable and distinct from the judgment the district or appellate courts may render on the merits.[1] In fact, where judicial review of the Secretary's decision is sought pursuant to 42 U.S.C. § 405(g), the calculation and certification of payments may be stayed pending this review. *See* 42 U.S.C. § 405(i). Thus, where a district court enters judgment for a claimant and remands the action to the Secretary for a calculation of benefits, this action constitutes a "final judgment" for the purpose of the 30 day limitations period under the EAJA. 28 U.S.C. § 2412(d)(1)(B).[2]

---

1. 42 U.S.C. § 405(i) states in part:
   Upon final decision of the Secretary or *upon final judgment of any court of competent jurisdiction,* that any person is entitled to any payment or payments under this subchapter, the Secretary shall certify to the Managing Trustee the name and address of the person so entitled to receive such payment or payments, the amount of such payment or payments and the time at which such payment or payments should be made ... *Provided,* That where a review of the Secretary's decision is or may be sought under subsection (g) of this section the Secretary may withhold certification of payment pending such review. (emphasis added).

2. With the greatest respect, I cannot agree with Judge Shapiro's recent dictum to the contrary. *Reid v. Schweiker,* No. 78–2161 (E.D.Pa.Apr. 26, 1983).
   Under the present facts, I find it unnecessary to decide when this 30 day period would have expired. It would appear, however, that at least three plausible interpretations exist: (1) within 30 days of the date the judgment became effective (August 8, 1982); (2) within 30 days of the expiration of the time to appeal; or (3) within 30 days of the terminating action in the court of last resort. In *McDonald v. Schweiker,* 551 F.Supp. 327 (N.D.Ind.1982), the court held that a fee application must be filed within the time described by the later two

For the foregoing reasons, I find that the judgment was effective on July 9, 1982. Because the EAJA requires that the fee petition be submitted "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B), counsels' application, filed on January 21, 1983, is untimely.

---

possibilities. I have no need to resolve this issue here. Because the appeal period for the government expired September 7, 1982 (60 days from the date the judgment became effec-

tive) without a notice of appeal having been filed, the January 21, 1983, filing of the fee petition was untimely under any of these interpretations.