# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

———————

No. 99-10304

———————

RUPERT POLLARD, Individually and as Trustee for Pollard Medical Association Employee Defined Benefit Plan and R M Pollard MD & Associates Money Purchase Plan and Trust,

Plaintiff-Appellant,

versus

ROBERT E HOLMES, JR; CHARLES H ROBERTSON, Individually; ROBERTSON & HOLMES; CHARLES H ROBERTSON PC,

Defendants-Appellees.

———————

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-1166-H)

———————

June 15, 1999

Before JOLLY, DUHÉ, and EMILIO M. GARZA, Circuit Judges.[*]

EMILIO M. GARZA, Circuit Judge:

Rupert Pollard appeals the district court's dismissal of his ERISA claims for lack of subject matter jurisdiction. We affirm.

Pollard filed suit against Charles H. Robertson, Robert E. Holmes, Jr., and Robertson & Holmes ("the defendants"). He alleged the following:

The April 27 [state court] hearing resulted in Pollard being ordered, upon threat of contempt and jailing to withdraw monies from the [Pollard Medical Association Employee Benefit Pension Trust] . . . and deliver it to Defendants by 2:00 p.m. that

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

same day. Defendants knew or should have known that there were other assets in Pollard's or the marital estate, though not as liquid as the [Pension Trust] . . ., which could have satisfied their claim for attorneys' fees. Defendants were literally the moving force behind the [state] court's actions on April 27th. While Pollard was compelled to deplete the [Pension Trust] . . . on April 27th, 1994, by the coercive order of the 256th District Court, Defendants were not compelled in any way to seek or accept monies from the [Pension Trust] . . . tendered to them pursuant to the court order. Defendants voluntarily and eagerly accepted the monies from the [Pension Trust] . . . and applied the monies to their own use and benefit; contrary to their client's legal interests, will and desires.

Based on these allegations, Pollard maintained that the defendants had violated ERISA's anti-alienation provision. *See* 29 U.S.C. § 1056(d)(1) ("Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated."). He brought the ERISA claim in his capacity as trustee of the Pension Trust and as trustee of the R. M. Pollard M.D. and Associates Money Purchase Pension Plan and Trust. He later amended his complaint to drop the ERISA claims insofar as he asserted them in his capacity as trustee of the Plan and Trust.[1]

Pollard moved for summary judgment. At the conclusion of a hearing on his motion, the district court dismissed the ERISA claims for lack of subject matter jurisdiction, citing a lack of standing, the *Rooker-Feldman* doctrine, and the absence of an ERISA plan. Pollard appealed.[2]

We review the district court's dismissal for lack of subject matter jurisdiction *de novo*. *See Ellison v. Connor*, 153 F.3d 247, 251 (5th Cir. 1998). We agree with the district court that Pollard lacks standing to bring the ERISA claim. For standing to arise, the party with the burden of invoking federal jurisdiction ) ) Pollard in this case ) ) must establish the following: (1) an injury in fact; (2) a causal connection between the injury and the conduct at issue; and (3) it is likely that the injury will be redressed by a favorable judicial decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-

---

[1]    Pollard only brought state law claims in his individual capacity.

[2]    We previously dismissed Pollard's appeal for lack of jurisdiction because of the absence of a Rule 54(b) partial judgment. The district court has since taken steps sufficient to enable Pollard to appeal from a final order. *See* 28 U.S.C. § 1491. We grant Pollard's motion to consider his new appeal based on the record, transcript, briefs, and oral argument made in the prior appeal. *See Kirtland v. J. Ray McDermont & Co.*, 568 F.2d 1166, 1171 n.9 (5th Cir. 1978); 10 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2660 (3d ed. 1998).

61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351, ___ (1992).

The facts show that the defendants did not cause injury to the Pension Trust. The defendants sought and secured an order from the state court that directed Pollard to pay interim attorneys' fees and costs with funds held by the R. M. Pollard M.D. and Associates Money Purchase Pension Plan and Trust. Because he was unable to comply with the order, Pollard suggested that his pension plans generally be available to finance his debt. When everyone agreed, the way was opened for Pollard to withdraw money from the Pension Trust, which he did. This sequence of events fails to demonstrate that the defendants injured the Pension Trust. *See Bennett v. Spear*, 520 U.S. 154, 168-69, 117 S. Ct . 1154, 1164, 137 L. Ed. 2d 281, ___ (1997) (indicating that the causal element for standing exists when the defendant's conduct compels a third party to take the action that causes the injury); *cf. Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136, 119 L. Ed. 2d at ___ (stating that the causal element of standing requires that the injury be fairly traceable to the challenged conduct and not the result of the independent action of a third party not before the court); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40-46, 96 S. Ct. 1917, 1925-28, 48 L. Ed. 2d 450, ___ (1976) (refusing to find causation where the defendant's conduct was alleged to have encouraged third parties to commit acts that resulted in the injury). Pollard therefore lacks standing to bring the ERISA claim. Accordingly, we affirm.